## ST. JOHN, Respondent, v. UNITED STATES FIDELITY & GUARANTY CO., Appellant.

### (No. 4,010.)

(Submitted May 3, 1919.   Decided June 20, 1919.)

[182 Pac. 128.]

*Suretyship—Attachment   Bonds — Damages   Recoverable — Directed Verdict—When Error.*

Attachment Bonds—Liability of Surety.
1.   On dismissal of an action and dissolution of an attachment issued therein, liability for the expense reasonably and necessarily incurred in obtaining the discharge of the attachment, including attorneys' fees, became fixed upon the surety on the attachment bond.

[As to elements of damages covered by bond in attachment, see note in 68 Am. St. Rep. 270.]

Same—Directed Verdict—When Error—Jury—Credibility of Witnesses.
2.   The jury is not bound to accept as conclusive statements of plaintiff or his witnesses, though uncontradicted, as to amount of damages suffered by him through the wrongful suing out of an attachment by way of attorneys' fees, incidental expenses, *etc.*, the question of their reasonableness or necessity falling within its province; hence it was error to direct a verdict for plaintiff for the amount asked in his complaint the allegations of which were denied.

Same—Release of Property—Premium on Bond Recoverable as Damage.
3.   The premium paid by plaintiff for a bond to secure the release of the attachment subsequently dissolved as wrongfully obtained was an item of damage properly recoverable in his action against the surety on the attachment bond.

*Appeal from District Court, Rosebud County; A. C. Spencer, Judge.*

Action by C. C. St. John against the United States Fidelity & Guaranty Company.   From a judgment for plaintiff and an order overruling its motion for new trial, defendant appeals.   Reversed and remanded.

*Mr. D. P. B. Marshall, Mr. O. F. Goddard, Mr. Geo. W. Farr* and *Messrs. Gunn, Rasch & Hall,* for Appellant, submitted a brief; *Mr. M. S. Gunn* argued the cause orally.

Where the amount of damages is made an issue by the pleadings, the amount of damages recoverable must be submitted to

the jury. (*Chicago, A. & N. Ry. Co.* v. *Whitney*, 143 Iowa, 506, 121 N. W. 1043; *Lederer* v. *Morrow*, 132 Mo. App. 438, 111 S. W. 902; *Salinger* v. *Western Union Tel. Co.*, 147 Iowa, 484, 126 N. W. 362, 363; *Woodin* v. *Durfee*, 46 Mich. 424, 9 N. W. 457; *Hart* v. *Charlotte etc. R. R. Co.*, 33 S. C. 427, 10 L. R. A. 794, 12 S. E. 9; *Heller* v. *Donellan*, 45 Misc. Rep. 355, 90 N. Y. Supp. 352.)

While the rule, supported by many authorities, is to the effect that where evidence of a fact is uncontradicted by positive testimony, the court may assume the fact to be proven and instruct the jury accordingly, all of the authorities agree that although opinion evidence relating to an issue in the case is uncontradicted, the issue must nevertheless be submitted to the jury, as such evidence is not controlling and the jury may determine the weight to be attached thereto. (*Head* v. *Hargrave*, 105 U. S. 45, 26 L. Ed. 1028; *Pritchard* v. *Hooker etc.*, 114 Mo. App. 605, 90 S. W. 415; *Fowle* v. *Parsons*, 160 Iowa, 454, 45 L. R. A. (n. s.) 181, 141 N. W. 1049; 3 Chamberlayne on Evidence, sec. 2552.) This rule has without exception been applied in cases where the question of the reasonableness of an attorney's fee was involved. (*Head* v. *Hargrave, supra; Zimmer* v. *Kilborn*, 165 Cal. 523, Ann. Cas. 1914D, 368, 132 Pac. 1026; see, also, *Davis* v. *School District*, 84 Neb. 858, 122 N. W. 38; *Jetter* v. *Zeller*, 119 App. Div. 179, 104 N. Y. Supp. 229; *Olson* v. *Gjertsen*, 42 Minn. 407, 44 N. W. 306.) Whether the expenses claimed to have been incurred by respondent were necessary, judicious and reasonable was for the jury to determine. (8 R. C. L., "Damages," sec. 59; *Massena Savings Bank* v. *Garside*, 151 Iowa, 168, 130 N. W. 918, 919; *Tyler* v. *Safford*, 31 Kan. 608, 3 Pac. 333; secs. 6679, 6680, Rev. Codes.)

The court, in directing the jury to return a verdict for respondent for $931.92, arrived at this amount by adding items that were testified to only by respondent himself. The fact that respondent was an interested witness in itself prevented his testimony from being necessarily conclusive and therefore required the submission of the case to the jury. (*Sonnenthiel* v. *Chris-*

*tian Moerling Brewing Co.,* 172 U. S. 401, 43 L. Ed. 492, 19 Sup. Ct. Rep. 233; *Missouri K. & T. Ry. Co.* v. *Murphy,* 59 Kan. 774, 52 Pac. 863; *National Bank of Commerce* v. *Drewry,* 70 Wash. 577, 127 Pac. 102; *Gosline* v. *Dryfoos,* 45 Wash. 396, 88 Pac. 634; *Vickey* v. *Interborough Rapid Transit Co.,* 126 App. Div. 781, 111 N. Y. Supp. 205; *St. Louis etc. Ry. Co.* v. *Thompson* (Tex. Civ.), 103 S. W. 684.)

The various items for traveling expenses for plaintiff and his counsel were not proper elements of damage. "Every litigant necessarily incurs some expenses beyond the fees of his witnesses and of the officers of the court. But for these personal expenses and his time he cannot recover compensation, for it would open the door to great abuses, and would often result in oppression." (*Smith* v. *American Bonding Co.,* 160 N. C. 574, 76 S. E. 481; *Craddock* v. *Goodwin,* 54 Tex. 578; *State* v. *Blackman,* 51 Mo. 319.)

*Messrs. Collins, Campbell & Wood, Mr. T. W. La Fleiche* and *Mr. E. E. Enterline,* for Respondent, submitted a brief; *Mr. Donald Campbell* argued the cause orally.

This action sounds in contract and not in tort. In other words, the action is for damages for a breach of contract, and for a definite sum of money; definite in that it is for the actual disbursements and expenses of respondent, and which were incurred by him in relieving himself of the attachment.

In the case of *Nielsen* v. *Albert Lea,* 87 Minn. 285, 91 N. W. 1113, an action was instituted upon an injunction bond, and in the course of the opinion the court said: "It is unnecessary to consider this part of the pleading as it is clearly irrelevant and has no bearing upon the real cause pleaded, which is one on contract for the recovery of damages growing out of the issuing of the writ of injunction." The above case is in point in view of the fact that this court has recognized no distinction between the rules of law applicable to suits on injunction bonds and suits on attachment bonds. (*Plymouth Gold Min. Co.* v. *United States F. & G. Co.,* 35 Mont. 23, 10 Ann. Cas. 951, 88 Pac. 565.)

Had the amount of plaintiff's damage been submitted to the jury, under the state of the record, but one verdict could have been returned, and this being the case, the question became one of law for the court, and not one of fact for the jury. (38 Cyc. 1571; *Helena National Bank* v. *Rocky Mountain Tel. Co.*, 20 Mont. 379, 63 Am. St. Rep. 628, 51 Pac. 829; *Boe* v. *Lynch*, 20 Mont. 80, 49 Pac. 381; *Bean* v. *Missoula Lumber Co.*, 40 Mont. 31, 104 Pac. 869; *Tague* v. *John Caplice Co.*, 28 Mont. 51, 72 Pac. 297.)

At the close of all the evidence in the case counsel for appellant moved the court to strike from the record the testimony as to certain of respondent's expenditures. This motion was equivalent to a demurrer to the evidence as to such expenditures. It is a rule of law that the defendant having demurred to the evidence, and thereafter the plaintiff having moved for a directed verdict, the whole issue becomes a question of law for the court, and each of the parties having waived their right to a jury trial, thereby have submitted the case to the court upon the question of law. (*Patty* v. *Salem Flouring Mills Co.*, 53 Or. 350, 96 Pac. 1106, 98 Pac. 521, 100 Pac. 298.) This case lays down the rule that under the conditions therein presented, a defendant who moves for a nonsuit and, upon such motion being denied, rests his case without producing evidence, if he desires to have the case submitted to the jury, he must so request; and in the absence of such a request the whole question is one of law for the court.

The respondent claimed and recovered as his actual damages traveling expenses for himself and his counsel; hotel bills, telegraph and telephone charges, attorneys' fees, and certain items of interest. These are all proper items of recovery. (*Thornton-Thomas Mercantile Co.* v. *Bretherton*, 32 Mont. 80, 80 Pac. 10; *Plymouth Gold Mining Co.* v. *United States F. & G. Co.*, *supra*; *Creek* v. *McManus*, 13 Mont. 152, 32 Pac. 675; *Frahm* v. *Walton*, 130 Cal. 396, 62 Pac. 618; *Belmont Mining & M. Co.* v. *Costigan*, 21 Colo. 465, 42 Pac. 650; *Williams* v. *Ballinger*, 125 Iowa, 410, 101 N. W. 139; *Seattle Crockery Co.* v. *Haley*, 6 Wash. 302, 36

Am. St. Rep. 156, 33 Pac. 650; note to *Lindberg* v. *Howard*, 8 Ann. Cas. 712; 22 Cyc. 1053–1058.)

MR. JUSTICE COOPER delivered the opinion of the court.

The plaintiff, C. C. St. John, and one C. M. Taintor were engaged in the business of stock-raising in the county of Rosebud in this state. A dispute arose involving the conduct of the business and the accounts between them. At the instance of Taintor, upon a claim of indebtedness due from the plaintiff to Taintor, writs of attachment were levied against the interests of plaintiff, and upon their discharge suit was instituted by the plaintiff against the defendant, as surety on the bond given by Taintor to secure the attachment. Judgment was obtained in the sum of $931.92, and the case is now here on appeal from the order denying a new trial, and from the judgment.

The complaint charges the wrongful suing out of the attachment and the damages resulting therefrom, the answer denying all the material allegations thereof.

The plaintiff gave evidence concerning the several items of damage suffered by him in the matter of expenditures for travel from his ranch to Sheridan, Wyoming, for the purpose of consulting attorneys with a view to obtaining the discharge of the attachment, hotel bill at Sheridan, expense involved in travel from Sheridan back to the ranch, and thence to Forsyth for the purpose of securing bond to effect the release of the attachment, the cost of the bond, hotel bills at Forsyth, counsel fees in connection therewith, and other items of expense not necessary to particularize. Donald Campbell, Esq., of counsel for plaintiff, testified that services were rendered by the firm of which he was a member, in and about the attachment proceedings; that he had served as referee in an action for an accounting between plaintiff and Taintor, and as such became familiar with the matters in issue between them. He gave evidence touching the nature of the services so rendered, stating that in his opinion $250 was a reasonable compensation therefor. Albert Brown, the only witness for defendant, gave evidence tending to show

that the attachment proceedings in no wise affected the pur-
chase by him of plaintiff's ranch, or the payment to plaintiff of
the purchase price thereof, thus raising an issue between himself
and plaintiff upon that point, and the alleged damages suffered
by plaintiff in this regard.

At the close of the testimony, counsel for plaintiff moved the
court to direct a verdict in favor of plaintiff for the sum of
$931.92, upon the ground that there was no issue of fact to be
submitted to the jury. The motion was granted over defendant's
objection; verdict and judgment followed; motion for a new trial
was made and overruled; and appeal was taken therefrom.

It is appellant's contention that an issue was created for de-
termination by the jury upon the question of the reasonableness
of the amount paid for counsel' fees, as well as the items of ex-
penditure incurred by plaintiff in obtaining the aid of counsel.
This contention must be sustained. The action is upon the at-
tachment bond, conditioned that in case it should be finally
decided that the plaintiff was not entitled to an attachment "the
plaintiff will pay all the costs that may be awarded to the de-
fendant, and all damages he may sustain by reason of the issuing
[1]   out of the attachment not exceeding the sum of $10,000."
The case was dismissed, and the attachment dissolved. Liability
was then fixed upon the surety, and the defendant here became
responsible for the expenses reasonably and necessarily incurred
in obtaining the discharge of the attachment and the amount paid
the attorneys employed for that purpose.

The trial court committed no error in directing the jury to
find a verdict for the plaintiff, but was wrong in fixing the
[2]   amount of the award. Under the issues, the amount which
the plaintiff had a right to recover was a debatable question of
fact which it was the function of the jury to determine. True,
the witness Campbell fixed the amount that, in his opinion, was
reasonable and necessary. But the jury was not bound to give
unqualified credit to this testimony, given, as it was, in his own
behalf, even though not contradicted by any other witness. A
jury cannot be required to accept as matter of law the

conclusions of witnesses in questions of this character.   (*Bean* v. *Missoula Lumber Co.*, 40 Mont. 31, 104 Pac. 869; *Plymouth Gold Min. Co.* v. *United States F. & G. Co.*, 35 Mont. 23, 10 Ann. Cas. 951, 88 Pac. 565.)   Whether, in the accomplishment of a given purpose, expenses incurred are necessary and reasonable rests upon so many varying circumstances that it would be dangerous to preclude inquiry concerning them.   Jurors, in the end, must use their own judgment in arriving at a determination of the value of services rendered by attorneys, based upon the opinions of experts and evidence as to the character and amount of the services.   (*Baker* v. *Richmond City Mills Works,* 105 Ga. 225, 31 S. E. 426; *Moore* v. *Ellis,* 89 Wis. 108, 61 N. W. 291; *Chicago etc. Ry. Co.* v. *Whitney,* 143 Iowa, 506, 121 N. W. 1043; *Steel* v. *Gordon,* 14 Wash. 521, 45 Pac. 151.)   And so of the other items of expense incurred in securing the discharge of the attachment.

We think, too, that plaintiff was entitled to recover the $50 **[3]** paid by him for the procurement of the bond to release the attachment upon the submission of sufficient competent proof of the payment of the same, especially in view of the fact that such action would in all likelihood tend to minimize the damage suffered by him and eventually relieve the surety company to that extent.   On the whole, we are of opinion that the questions respecting the damages suffered by the plaintiff by reason of the attachment should have been submitted to the jury under proper instructions.   The order of the trial court, therefore, in directing the jury as matter of law to find for the plaintiff in the lump sum of $931.92, was error.

The judgment appealed from, together with the order overruling the motion for a new trial, are reversed.

*Reversed and remanded.*

Mr. Chief Justice Brantly concurs in the result.

Mr. Justice Holloway concurs.