RESER, APPELLANT, *v.* ZIEBARTH ET AL., RESPONDENTS.

(No. 4,706.)

(Submitted January 4, 1921.  Decided January 17, 1921.)

[195 Pac. 98.]

*Directed Verdict—Attorney's Fees—Expert Witnesses—Value of Services—Jury Question.*

1. In an action to recover damages from a clerk of the district court on his official bond claimed to have resulted from an unauthorized entry of judgment, rendering legal services in the amount of the damages necessary, where the only testimony concerning the value of such services was given by the attorney rendering them, refusal to give a peremptory instruction to the jury requiring them to bring in a verdict for such amount was proper, since such testimony was not conclusive as a matter of law and the jury could properly disregard it in arriving at their verdict.

*Appeal from District Court, Blaine County; Frank E. Carleton, Judge.*

ACTION by Everet Reser against A. W. Ziebarth and another. Judgment for defendants, and plaintiff appeals. Affirmed.

---

1. Attorney's fees as element of damages, see note in 8 Am. St. Rep. 158.

Admissibility and necessity of expert evidence on question of value of services of attorney, see notes in 20 Ann. Cas. 53; Ann. Cas. 1914D, 369.

*Mr. Frank N. Utter,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Norris & Hurd,* for Respondent Ziebarth, submitted a brief; *Mr. Edwin L. Norris* argued the cause orally.

The expression of the opinion of an expert witness as to the value of services is never conclusive upon a court or jury. (*St. John* v. *United States F. & G. Co.,* 56 Mont. 197, 182 Pac. 128; *Head* v. *Hargrave,* 105 U. S. 45, 26 L. Ed. 1028 [see, also, Rose's U. S. Notes]; *Moore* v. *Ellis,* 89 Wis. 108, 61 N. W. 291; *Baker* v. *Richmond City Mill Works,* 105 Ga. 225, 31 S. E. 426; *Chicago etc. Ry. Co.* v. *Whitney,* 143 Iowa, 506, 121 N. W. 1043; *Steel* v. *Gordon* 14 Wash. 521, 45 Pac. 151; Jones' Handbook of Evidence, p. 487.) Even though there had been an express contract for the amount of the services, the rule would be the same. (*Plymouth Gold Min. Co.* v. *United States F. & G. Co.,* 35 Mont. 23, 10 Ann. Cas. 951, 88 Pac. 565.)

*Messrs. Walsh, Nolan & Scallon,* for Respondent Massachusetts Bonding & Insurance Company, submitted a brief; *Mr. William Scallon* argued the cause orally.

Citing *Bowen* v. *Webb,* 37 Mont. 479, 97 Pac. 839.

MR. JUSTICE COOPER delivered the opinion of the court.

This action was brought by the plaintiff in the court below to recover of defendant Ziebarth, as clerk of the district court of Blaine county, and of the Massachusetts Bonding & Insurance Company, as surety, damages resulting from the entry of an unauthorized judgment, and for legal services performed by one R. E. O'Keefe, acting as attorney for the plaintiff in procuring the annulment of the judgment, and defending actions growing out of such entry. The trial resulted in a verdict for the defendants below. Appeal is from the judgment.

The only error appellant complains of is the refusal of the trial court to give the jury the following peremptory instruc- [1] tion: "You are instructed to bring in a verdict for plaintiff in the sum of $750." It is admitted in the brief of appellant that the only issue before the court and jury was the value of the legal services performed by O'Keefe in the proceedings brought to annul the void judgment entered against him. Upon the trial the only testimony concerning the value of the legal services was that given by O'Keefe, an attorney who had theretofore been disbarred by this court, and who had rendered the services on appellant's behalf, in which he expressed the opinion that they were of the reasonable value of $750, the amount specified in the requested instruction. Plaintiff insisted in the court below, and now insists, that the opinion so given by O'Keefe, being uncontroverted, concluded inquiry upon that question, and that the court below committed reversible error in refusing to so advise the jury.

The defendants' answer put that point directly in issue; and, being a matter upon which a difference of opinion might exist, it was a question for the jury to decide upon all the circumstances given in evidence and the opinion of a witness on matters involving a profession, aided by their own experience and knowledge of human affairs. The court would have committed reversible error if it had submitted the instruction requested. A witness may express his opinion of the value of his own professional services, or those of another, and thus aid the jury in determining their value. But such testimony is not conclusive as a matter of law. The jury were at liberty to disregard the evidence embodying the opinion altogether, as they did in the instant case. This character of testimony was involved in the case of *St. John* v. *United States F. & G. Co.*, 56 Mont. 197, 182 Pac. 128, where this court reversed the judgment of the lower court because it had given the jury a peremptory instruction to find the value of professional services to be as stated by the attorney who per-

formed them. For a further discussion of the question, see *Whalen* v. *Harrison,* 26 Mont. 316, 67 Pac. 934; *Head* v. *Hargrave,* 105 U. S. 45, 26 L. Ed. 1028 [see, also, Rose's U. S. Notes]; 2 Jones on Evidence, sec. 387, note 81; 20 Ann. Cas., note on pages 56 and 57.

The judgment is affirmed.

*'Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, HOLLOWAY and GALEN concur.