GENERAL FIRE EXTINGUISHER CO., APPELLANT, *v.*
NORTHWESTERN AUTO SUPPLY CO., RESPONDENT.

(No. 5,393.)

(Submitted February 5, 1924. Decided February 16, 1924.)

[223 Pac. 504.]

*Contracts—Breach—Unliquidated Damages—Directed Verdict
—Error—Appeal—Objections and Exceptions—When Un-
necessary.*

Appeal and Error—Order Directing Verdict—Exception not Required.
    1. Under section 9387, Revised Codes of 1921, providing that every
    order, ruling or decision of the district court shall be deemed ex-
    cepted to and it shall not be necessary to ask for or note an excep-
    tion, an objection and exception to an order granting a motion for a
    directed verdict were not necessary to warrant review of the order
    on appeal.

Contracts—Breach—Unliquidated Damages—Error to Direct Verdict.
    2. Where in an action to recover the purchase price of fire-ex-
    tinguishing apparatus the defendant interposed a counterclaim for
    $10,000 for breach of the contract, the failure of plaintiff to in-
    troduce any testimony did not authorize the court to direct a verdict

for defendant in that amount for unliquidated damages, the weight to be given to the defendant's testimony and the amount recoverable by him having been within the exclusive province of the jury.

*Appeal from District Court, Yellowstone County; Robert C. Stong, Judge.*

ACTION by the General Fire Extinguisher Company against the Northwestern Auto Supply Company. Judgment for defendant and plaintiff appeals. Reversed and remanded for new trial.

*Messrs. Johnston, Coleman & Johnston,* for Appellant, submitted a brief; *Mr. H. J. Coleman* argued the cause orally.

It is our contention that, while the court is in certain cases justified in directing a jury to find a verdict in favor of either the plaintiff or the defendant, it cannot fix the amount of the verdict which the jury shall find, particularly in cases where the amount sought to be recovered consists of unliquidated damages. (*Haldeman* v. *Berry,* 74 Mich. 424, 42 N. W. 57; *Jennings* v. *Stripling,* 127 Ga. 778, 56 S. E. 1026; *Good* v. *Kennedy* (Mo. App.), 226 S. W. 596.)

*Messrs. Grimstad & Brown,* for Respondent, submitted a brief.

The question whether or not the court erred in directing the verdict is presented for the first time by the appellant in the supreme court, and respondent respectfully submits that upon the authorities hereinafter stated, even if there was error on the part of the court in directing the verdict for the defendant on the facts as disclosed in this case, the appellant cannot now for the first time be heard to complain of that ruling. The appellant had no objection to this method of determining the issues presented at the time of the trial in the lower court. It was satisfied to have the lower court determine the issues on this motion for directed verdict, and it has no right now to complain. (*Champions* v. *Central of Georgia Ry. Co.,* 165

Ala. 551, 51 South. 562; *Robinson* v. *County of Linn*, 71 Iowa, 224, 32 N. W. 274; *Weinberg* v. *Steeves*, 82 Minn. 262, 84 N. W. 755; *Startzer* v. *Clark*, 1 Neb. (Unof.) 91, 95 N. W. 509; *Speiss* v. *Weinberg*, 57 N. Y. Supp. 761; *Winship* v. *New York, N. H. & H. R. R.*, 170 Mass. 464, 49 N. E. 647; *Armstrong* v. *King*, (Tex. Civ.), 130 S. W. 629; *Georgetown & T. R. Co.* v. *Smith*, 25 App. D. C. 259, 5 L. R. A. (n. s.) 274.)

However, we submit that the action of the court in directing a verdict was proper and that it committed no error. The following authorities sustain the action: *Consolidated etc. Min. Co.* v. *Struthers*, 41 Mont. 565, 111 Pac. 152; *Bean* v. *Missoula Lumber Co.*, 40 Mont. 31, 104 Pac. 869. In *Southern Oil Corp.* v. *Yale Natural Gas Co.*, 89 Okl. 119, 214 Pac. 135, the court said: "There appearing no conflict in the evidence, and it appearing therefrom that the plaintiff was entitled to judgment for the amount claimed, the court did not err in directing a verdict for the plaintiff." (See, also, *Depugh* v. *Brown* (Iowa), 138 N. W. 908; *Baldwin* v. *Central Sav. Bank*, 17 Colo. App. 7, 67 Pac. 179; *Boutin* v. *Andreas*, 161 Wis. 152, 152 N. W. 822; *Hull* v. *Littaur*, 162 N. Y. 569, 57 N. E. 102.)

MR. JUSTICE GALEN delivered the opinion of the court.

This action was instituted by the plaintiff to recover the sum of $1,933.34, claimed to be due under contract for equipping a three-story building and basement, located in Billings, belonging to the defendant, with a system of automatic sprinklers and fire-extinguishing apparatus. For a more complete statement of the issues involved reference is made to the former decision of this court by virtue of which a judgment rendered in plaintiff's favor upon motion for a directed verdict was reversed, and the cause remanded for a new trial. (*General Fire Ex. Co.* v. *N. W. Auto Supply Co.*, 65 Mont. 371, 211 Pac. 308.) Upon retrial before a jury no evidence was offered or introduced by the plaintiff, and the defendant

submitted proof of the damages by it alleged in consequence of plaintiff's breach of contract under its second counterclaim, electing to stand alone thereon, it being therein alleged that on or about the tenth day of August, 1917, plaintiff and defendant entered into an agreement by the terms of which it was provided, among other things, that plaintiff should install in defendant's building a fire-extinguishing apparatus, and that the agreement was made contingent upon defendant being able to obtain insurance on its building at the rate of thirty-five cents per $100 of insurance, and on the contents thereof at the rate of sixty cents per $100; that at the time the agreement was made both parties understood and agreed that the plaintiff would install the fire-extinguishing apparatus in defendant's building, and that upon the completion of the work the defendant would be able to obtain insurance on its building and contents at the rates specified, and that the contract was made between plaintiff and defendant with that understanding; that plaintiff had prior to the time the contract was made paid, and was at that time paying, a considerably higher rate of insurance on both building and contents; that subse-quent to the making of the contract plaintiff did install in defendant's building a certain fire-extinguishing apparatus, and on June 8, 1918, informed defendant that plaintiff had completed its contract, and demanded from defendant payment of the amount as specified in the contract for the execution of the work; that defendant at that time, and at various times since, has made every reasonable effort to obtain insurance on its building and contents at the rates specified in the contract, but that it has been unable to obtain insurance at those rates, and so informed plaintiff, and requested plaintiff to perform its contract terms in such manner that defendant could obtain such reduced insurance rates; that plaintiff refused and has at all times refused to carry out the terms and conditions of the contract in such a way that defendant can obtain the net insurance rates as provided for in the contract, and that defendant has been compelled to pay a considerably higher rate

on both its building and contents than the rates specified in the contract; that defendant has spent the sum of $700 in making certain changes and improvements in its building in order to see if it was possible to obtain the contract rates, but that none of the insurance companies will insure defendant's building and contents at those rates; that, had plaintiff performed the terms and conditions of its contract and installed a sprinkler system so that defendant could obtain the net rates as provided therein, defendant's building and business would have been worth considerably more money, to-wit, the sum of $10,000; that, by reason of the failure of the plaintiff to perform the terms and conditions of the contract on its part to be kept and performed, defendant has been damaged in the sum of $10,000, no part of which has been paid by plaintiff to defendant, and that the whole thereof is now due and owing by plaintiff to defendant.

The defendant introduced in evidence the contract, and testimony by Rockwood Brown to the effect that the expected life of defendant's building is fifty years. Further, that the defendant has been unable to secure the insurance rates provided for in plaintiff's contract, and has been compelled to pay rates which increased the cost of its insurance about $1,100 each year over what it would have been obliged to pay were it able to secure the rates specified in plaintiff's contract.

John R. North, a witness for the defendant, testified: "Q. What would you say, Mr. North, would be the difference in the reasonable value between this building, used as it was in 1917 and 1918, for the purpose of wholesaling automobile supplies—the difference in value between that building at that time, or the building now, rather, with the difference in the insurance premiums approximately $1,100 a year. What I want is the difference in value between the building in which the insurance rates are $1,100 a year more? A. There would be a difference in value of practically $10,000. Q. How do you arrive at that amount, Mr. North? A. Basing that on the additional rent you would be able to secure for the building by being able to save $1,100 per year in insurance."

This was substantially all the testimony in support of defendant's alleged damages suffered by reason of plaintiff's breach of the contract.

At the close of all the evidence, counsel for the defendant moved the court to direct the jury to return a verdict in defendant's favor for the sum of $10,000. The motion was by the court granted, whereupon the jury returned its verdict as follows: "We, the jury in the above-entitled action, by direction of the court, find the issues in favor of the defendant and against the plaintiff, and assess the damages thereof in the sum of $10,000, together with interest at the rate of eight per cent per annum from the date hereof."

Judgment was entered on the verdict, and, a motion for a new trial having been submitted and denied by operation of law (sec. 9400, Rev. Codes 1921), the court not having acted thereon within the time limit prescribed, appeal to this court is prosecuted from the judgment.

As we view this record, but one question is presented determinative of appeal, *viz.:* Did the court err in directing the jury to return a verdict in favor of the defendant in the sum of $10,000?

At the outset counsel for defendant contend that this question is not proper to be considered or determined by this court on appeal, the plaintiff having failed to object or except to the action of the court in directing the verdict. A considerable portion of the brief of counsel for defendant is devoted to argument and the citation of authorities in support of this contention. But with all this we are little concerned, for in Montana the subject is explicitly regulated by statute. It is provided by section 9387 of the Revised Codes of 1921 as follows: "Every order, ruling, and decision of every kind and nature made and entered by any court, judge, or referee, and every verdict, finding, decree, or judgment of a court is deemed excepted to, and it shall not be necessary to ask for or note an exception," *etc.* The language of this statute we think is plain, and thereby the plaintiff was relieved of the necessity of objecting or excepting to the order of the court.

That part of section 9349 of the Revised Codes of 1921 relative to the settlement of proposed instructions to the jury and objections and exceptions required to be noted has no application to a motion for a directed verdict.

Having disposed of this matter of practice, we now venture upon a discussion and determination of the main question.

By statute it is provided: "Where, on the trial of an issue [2] by a jury the case presents only questions of law, the judge may direct the jury to render a verdict in favor of the party entitled thereto." (Sec. 9364, Rev. Codes 1921.) Further, when a counterclaim for the recovery of money is established exceeding the plaintiff's demand, "the jury must also find the amount of the recovery." (*Id.*, sec. 9362.) And when, as in this case, damages are sought for the breach of an obligation arising from contract, the measure of damages "is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, * * * in the ordinary course of things, * * * likely to result therefrom." (*Id.*, sec. 8667.)

In view of these statutory provisions, we think it manifest that the court interfered with the province of the jury in directing a verdict as it did. How the court was able as a matter of law to determine the damages to which the defendant was entitled under the evidence is beyond our comprehension. The damages alleged were wholly unliquidated in amount, and, while opinion evidence was submitted by the defendant, warranting a finding such as was made by the jury at the court's direction, yet the jury were not bound thereby. The court may pass on matters of law only, while questions as to the credibility of the witnesses and the weight to be given testimony is exclusively within the province of the jury.

"The fact that testimony is uncontradicted is not alone sufficient to warrant a directed verdict, where the inferences to be drawn from all the circumstances are open to different conclusions by reasonable men." (*First Nat. Bank of Lewistown* v. *Wilson*, 57 Mont. 384, 188 Pac. 371.)

Under the facts in this case the court was clearly in error in interfering. The court should have submitted to the jury for its exclusive determination, with proper instructions, the question of the amount of damages, if any, due the defendant. Such is the rule announced in several like cases heretofore. (*Whalen* v. *Harrison,* 26 Mont. 316, 67 Pac. 934; *St. John* v. *United States Fidelity & Guaranty Co.,* 56 Mont. 197, 182 Pac. 128; *First Nat. Bank of Lewistown* v. *Wilson, supra; Reser* v. *Ziebarth,* 59 Mont. 7, 195 Pac. 98.)    Clearly, there was a mistrial of the action. (*Consolidated Min. Co.* v. *Struthers,* 41 Mont. 565, 111 Pac. 152; *Best* v. *Beaudry,* 62 Mont. 485, 205 Pac. 239.)

The judgment is reversed and the cause remanded to the district court of Yellowstone county for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and STARK concur.

Rehearing denied February 28, 1924.