STATE EX REL. WOARE, RESPONDENT, *v.* BOARD OF COMMISSIONERS OF LIBERTY COUNTY ET AL., APPELLANTS.

(No. 5,492.)

(Submitted March 17, 1924. Decided April 11, 1924.)

[225 Pac. 389.]

*Mandamus—County Printing—Statute—Constitutionality—Appeal and Error—Judgment Presumed Correct.*

County Printing—Letting of Contract—Statute—Constitutionality.

1. On the authority of *Hersey* v. *Neilson*, 47 Mont. 132, and *Stange* v. *Esval*, 67 Mont. 301, *held* that section 4482, Revised Codes of 1921, requiring the contract for county printing to be let to a newspaper published in the particular county continuously for a period of one year immediately preceding its letting, is not void as in violation of the fifth and fourteenth amendments to the federal Constitution, as depriving the county of the right to contract and granting a person a privilege or immunity not granted to another, or of section 26, Article V of the state Constitution, prohibiting the enactment of special or class legislation, or of sections 3 and 27, Article III thereof, as denying the county the right to contract and depriving it of property without due process of law.

Same.

2. Section 4482, *supra*, held not open to the objection that in making it compulsory upon the board of county commissioners to let the county printing to a newspaper in existence for a year or more even though its bid be higher than that of one not published for that length of time, it indirectly contravenes the provision of section 4, Article XII, of the state Constitution, prohibiting the levying of taxes upon the inhabitants or property in any county for municipal purposes, since a county is but a subdivision of the state for governmental purposes and as such subject to legislative control, and the state has power, as sovereign proprietor, to provide from whom and upon what terms it will purchase the supplies needed in the discharge of its governmental functions.

Appeal and Error—Judgment Presumed to be Correct—Burden of Showing Error.

3. On appeal the presumption prevails that the judgment of the district court is correct and the burden is on the appellant to show reversible error in its rendition.

Same—County Printing—Judgment—Correctness—Presumption.

4. Where the record on appeal in *mandamus* proceedings requiring the board of county commissioners to let a printing contract for one year did not disclose the length of time for which the call for bids was made or that the successful bid was not in accordance with the call, and it was competent for the board to make a contract for any length of time not exceeding two years, appellant board did not discharge the burden of showing reversible error in the judgment

directing that the contract be entered into for one year in accordance with the bid submitted, instead of leaving the term to the discretion of the board.

*Appeal from District Court, Hill County; C. D. Borton, Judge.*

MANDAMUS by the State, on the relation of Henry O. Woare, against the Board of Commissioners of Liberty County. Judgment for plaintiff and defendants appeal. Affirmed.

*Mr. B. R. McCabe* and *Messrs. Maddox & Church,* for Appellants, submitted a brief; *Mr. Fletcher Maddox* argued the cause orally.

*Messrs. Norris, Hurd, Rhoades & Hauge,* for Respondent, and *Messrs. Stewart & Brown, Amici Curiae,* submitted a brief; *Mr. W. B. Rhoades* and *Mr. John G. Brown* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

In this action plaintiff sought a writ of mandate to compel defendants, as the board of county commissioners of Liberty county, to award to him a contract to do the county printing and furnish the supplies for said county specified in section 4482, Revised Codes of 1921. The facts in the case, so far as essential to a determination of the matters presented on this appeal, are as follows:

The plaintiff is the owner and manager of the "Chester Reporter," a newspaper of general circulation printed and published in Liberty county, and the only one which had been so published and circulated therein continuously for a period of more than one year immediately preceding the time in question. The defendants constitute the board of county commissioners of said county, and as such called for bids for doing the county printing and furnishing the supplies for the county as provided in section 4482. In response to this request the

plaintiff submitted a bid to do such printing and furnish such supplies, at the rates specified in said section. W. C. Kester, publisher of the "Liberty County Farmer," a newspaper capable of carrying out the contract contemplated in the call for bids, but which had not been printed and published in said county for a period of one year immediately preceding the time in question, likewise submitted a bid to do such printing and furnish such supplies at a rate less than that provided for in the statute, and consequently lower than the plaintiff's bid. In their answer to the petition for the alternative writ the defendants set up the foregoing facts, and claimed upon grounds which will be hereafter noted, that section 4482 is unconstitutional in so far as it forbids a contract to be let to a paper which has not been published in the county for a period of one year immediately preceding the awarding of the contract, and said that unless otherwise commanded by the court they would award the contract to the said W. C. Kester. After a trial, judgment was entered awarding the plaintiff the relief which he prayed for, and from this judgment the defendants have appealed.

The defendants' objections to the constitutionality of section [1] 4482 set out in the first three specifications of error are as follows:

(1) "The court erred in ruling and holding that the said provision of section 4482 did not violate the Fifth and Fourteenth Amendments to the Constitution of the United States, in that it deprived the county of Liberty of the right to contract, and under the facts in this case gave to the plaintiff as proprietor of a newspaper in Liberty county, published for one year, a privilege and immunity not granted to the proprietor or owner of a newspaper published in said county for less than one year."

(2) "The court erred in ruling and holding that said provision of section 4482 did not violate section 26, Article V, of

the state Constitution, in being a special law or class legislation, and operating as a mere gratuity to the plaintiff."

(3) "The court erred in ruling and holding that said provision of section 4482 did not violate sections 3 and 27 of Article III of the Constitution of the state of Montana in depriving the said county of its right to contract, and depriving it of property without due process of law."

The major portion of appellants' brief is devoted to a discussion of the above assignments of error.

Section 4482, with the exception of minor details not material here, is the same as section 2897, Revised Codes of 1907. In the case of *Hersey* v. *Neilson,* 47 Mont. 132, Ann. Cas. 1914C, 963, 131 Pac. 30, the constitutionality of section 2897 was attacked upon these same grounds, and after elaborate argument this court in an opinion written by Mr. Justice Holloway, said: "We fail to see wherein the statute under consideration does violence to the provisions of either the Fifth or Fourteenth Amendment to the Constitution of the United States, or section 3 of Article III of our own state Constitution." And further on said: "When we consider that section 2897 is state wide in its operation, it cannot be classed as a local statute; and, since it applies to all county printing contracts, it is not special." And finally the opinion says: "Our conclusion is that the section is not open to any of the objections urged against it."

In the case of *Stange* v. *Esval,* 67 Mont. 301, 215 Pac. 807, it was urged that section 4482 violates section 26 of Article V, of the state Constitution as being special or class legislation. Many pages of the briefs of counsel in that case were devoted to a discussion of this matter, and after a consideration of the same the court in its opinion said: "That section 4482 is constitutional is beyond doubt."

In view of the foregoing decisions of this court we do not deem a further consideration of these points necessary.

Defendants' final objection to the constitutionality of section [2]   4482, as expressed in the fourth specification of error, is as

follows: "The court erred in ruling and holding that said provision of section 4482 did not violate section 4 of Article XII of the Constitution of the state of Montana, in that it operated to take a portion of the money of the taxpayers of Liberty county for county printing which otherwise would not be required, thereby operating as an indirect tax upon the inhabitants and property of said Liberty county."

The section of the Constitution referred to in this specification reads as follows: "The legislative assembly shall not levy taxes upon the inhabitants or property in any county, city, town, or municipal corporation for county, town, or municipal purposes, but it may by law invest in the corporate authorities thereof powers to assess and collect taxes for such purposes." (Art. XII, sec. 4.)

In support of this objection counsel cite *People* v. *Coler*, 166 N. Y. 1, 82 Am. St. Rep. 605, 52 L. R. A. 814, 59 N. E. 716; *Marshall & Bruce Co.* v. *Nashville*, 109 Tenn. 495, 71 S. W. 815, and *State* v. *Eldridge*, 27 Utah, 477, 76 Pac. 337. We have considered these cases and find nothing in them which seems to throw any light upon the point under consideration.

It may be that upon the record as here presented it would cost Liberty county a less amount of money if the contract in question should be awarded to Kester than if it should be awarded to the plaintiff, and, of course, the additional cost must be paid by taxes levied upon property within that county. But we are not impressed with the argument that this fact alone renders section 4482 obnoxious to the provisions of the Constitution invoked.

Counties are but political subdivisions of the state for governmental purposes and as such they are subject to legislative control. (*Hersey* v. *Neilson, supra.*) They are not in any sense business corporations for private purposes. Their functions are wholly of a public nature (*Yamhill County* v. *Foster*, 53 Or. 124, 99 Pac. 286), and they can exercise only such governmental powers as are delegated to them as agencies of the

sovereign state.  The state is sovereign proprietor, and as such
may provide from whom and upon what terms it will purchase
the supplies needed in the discharge of its governmental func-
tions (*Tribune Co.* v. *Barnes,* 7 N. D. 591, 75 N. W. 904; *In re*
*Gemmill,* 20 Idaho, 732, Ann. Cas. 1913A, 76, 41 L. R. A.
(n. s.) 711, 119 Pac. 298), and may employ such persons as it
deems necessary, and for such compensation as it may deter-
mine, to perform its public work.  As such sovereign proprietor
the state is interested in the performance of its public duties.
It has prescribed, for instance, that certain services shall be
performed by the county clerk, county assessor and county
sheriff, and has fixed the compensation to be paid to them
therefor.  If it should be the fact that the county commis-
sioners of a county could employ others than those elected in
the manner prescribed by law, to perform the same services
at a compensation less than that fixed by statute and thereby
reduce the amount of taxes necessarily to be raised to pay the
salaries of these public officials, could it be successfully argued
that the statutes fixing the compensation of these officers were
unconstitutional on the ground that they imposed greater bur-
dens on the taxpayers than they would otherwise have to bear;
that is, that they imposed additional taxes by indirection?
We think no one would advance such an argument.

The state is interested likewise in the contract for county
printing.  Through this medium many notices essential to the
public good are given, such as calls for bids for public work,
notices in connection with the levy and collection of taxes and
the times for holding terms of court.  It is to the interest of
the state that such notices shall be given wide publicity and in
a paper which has demonstrated a degree of permanency by
maintaining its publication within the county for a prescribed
period before it is entrusted with the performance of these
public duties.  If the expense incident to the performance of
such public duties is greater than it would be if no such restric-
tions were imposed and all papers were allowed to compete in

258   State ex rel. Woare v. Board of Commrs.   [Mar. T. '24

[70 Mont. 252.]

such bidding, that is a matter with which this court cannot concern itself and must be remedied by the legislature.

It is contended that the judgment entered by the court is a **[3, 4]** nullity because it requires the contract to cover the entire year 1924, whereas the statute makes the period to be covered by such a contract discretionary with the board, except that it shall not ''extend for a period of more than two years,'' and that, since the time limit is discretionary, the court did not have the power by *mandamus* to fix the period of time to be covered.

On an appeal this court always indulges the presumption that the judgment of the lower court is correct, and the burden is on appellant to show reversible error. (*Haley* v. *McDermott,* 45 Mont. 217, 121 Pac. 1060.) The record as presented here only discloses that the defendants called for bids for the printing contract, but does not show the length of time for which it was to run, and that under such call they received the two bids mentioned. No complaint is made that plaintiff's bid was not in accordance with the call therefor, and it must be presumed that it complied therewith. The judgment directs that the contract shall be entered into ''for and on behalf of Liberty county for the year 1924 in accordance with the bid therefor heretofore submitted'' by the plaintiff. It was competent for the defendants to make a contract for any length of time they desired, provided it did not exceed two years. If they desired to predicate error upon the fact that the court required them to enter into a contract for a length of time not specified in their call for bids, it was incumbent upon them to make a showing that such was the case, and this they failed to do.

The plaintiff filed a motion in this court for an order to incorporate in the record on this appeal the transcript of certain stenographic notes of proceedings had at the hearing in the district court. Because of the immateriality thereof on this appeal the motion is denied.

There being no error apparent in the record, the judgment appealed from is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.