SILFVAST, Respondent, v. ASPLUND et al., Appellants.

(No. 7,332.)

(Submitted January 29, 1935. Decided February 25, 1935.)

[42 Pac. (2d) 452.]

*Mr. M. H. Parker, Mr. H. L. Maury* and *Mr. A. G. Shone,* for Appellants, submitted an original and a reply brief; *Mr. Maury* argued the cause orally.

*Mr. H. A. Tyvand* and *Mr. W. D. Kyle,* for Respondent, submitted a brief and argued the cause orally.

154

MR. JUSTICE ANDERSON delivered the opinion of the court.

This action arose out of a contract for the sale and purchase of land and personal property on the time payment plan, the title to remain in the vendor until the sale price was fully paid. It involves the rescission of the contract and the compensation to the parties for payments made and damages sustained. On a former appeal to this court (93 Mont. 584, 20 Pac. (2d) 631), the cause was remanded to the trial court, with directions "to hear such further proof as either side may produce upon the question of rental value and damages, and to thereupon enter judgment in accordance with this opinion, determining the rights of both parties."

Pursuant to this direction, the respective parties produced a large volume of testimony touching the various items therein enumerated. The facts pertaining to this case, other than those involved in the present phase of the controversy, are found in the former opinion. The trial court made findings of fact wherein it was determined that the defendants had paid on the purchase price the sum of $3,500 on June 1, 1928, and certain additional sums monthly thereafter, commencing with July, 1928, and ending November 15, 1929, and that all of the payments so made amounted to the sum of $8,005.03. The court computed interest on these sums from the date of payment, amounting to $3,283.59. It also found that defendants had placed improvements on the premises of the value of $846.58; that defendants had paid the sum of $90 to plaintiff on October 14, 1931, and computed interest thereon in the sum of $15.90; also that they had paid $140.65 taxes in 1928, and computed interest thereon in the sum of $54.41, and that the total of all these various items amounted to $12,436.16.

The court further found that the reasonable rental value of the premises and the personal property was the sum of $237.50 per month, which were occupied by defendants for 40½ months, and that the total rental value computed on this basis was $9,618.75; also that the defendants failed to return

certain personal property and had damaged other property during the period of their possession to the amount of $2,347, making a total sum of $11,965.75, which was deducted from the other total, leaving a balance of $470.41. Judgment was entered in accordance with this finding, awarding the defendants judgment for this balance against the plaintiff. Defendants have appealed from this judgment in their favor.

Defendants assign error to the finding of the court as to the rental value of the lands and premises and to the finding relating to the loss of and damage to the property. Other specifications of error are made, but therein it is sought to challenge the correctness of these findings. Plaintiff has made numerous cross-assignments of error, which we will later notice, but has filed no cross-appeal. It is the contention of defendants that the evidence preponderates against the above findings.

In the case of *In re Mullen's Estate,* 97 Mont. 144, 33 Pac. (2d) 270, 273, it is written: "This court will not reverse a judgment unless the evidence strongly preponderates against the decision of the trial court, and where there is a conflict in the evidence, and it furnishes reasonable ground for differing conclusions, the judgment will not be disturbed on appeal. (*Kirby* v. *Hoeh,* 94 Mont. 218, 21 Pac. (2d) 732; *Baker* v. *Citizens' State Bank,* 81 Mont. 543, 264 Pac. 675.)"

In a case such as this, where it is asserted that the evidence preponderates against the findings, this court enters "upon a review of the evidence indulging the presumption that the judgment is correct (*State ex rel. Woare* v. *Board of Commissioners,* 70 Mont. 252, 225 Pac. 389) ; every legitimate inference will be drawn from the evidence to support this presumption (*Security State Bank* v. *Soule,* 70 Mont. 300, 225 Pac. 127) ; and the testimony will be viewed in the light most favorable to plaintiff and considered as establishing every material fact which it tends to prove (*Awbery* v. *Schmidt,* 65 Mont. 265, 211 Pac. 346)." (*Baker* v. *Citizens' State Bank,* supra.)

Under the original contract out of which this case arose, defendants went into possession of some 325 acres of land, 47

milk cows, 11 heifers soon to become cows, 2 bulls, numerous articles of farm machinery and dairy equipment. Plaintiff had theretofore conducted a dairy business on these lands and premises, and disposed of the milk there produced on a retail milk route in Butte. It was contemplated by the contract that defendants would continue this business enterprise, and they occupied the premises for 40½ months following June 1, 1928. The contract provided that it should be treated as a whole as regards the real estate and personal property, and should not be divisible. It was specifically provided therein that the milk route and the goodwill of that business were among the properties sold. All of the personal property on the ranch, apparently, with the exception of household goods, was included in the contract. The improvements on the ranch consisted of a dwelling-house, cow barn, horse barn, bunkhouse, milkhouse, two reservoirs used for irrigation, and fencing.

Defendants produced a number of witnesses who expressed their several opinions as to the reasonable rental value of the lands and premises, including the personal property. They testified that the reasonable rental value was from $35 to $50 per month. A number of these witnesses were livestock men, without experience in the dairy business. Others professed considerable experience in that activity. None of defendants' witnesses, with possibly one exception, in arriving at their conclusion, took into consideration the outlet for the products of the enterprise through the medium of a retail milk route.

The cross-examination of the witnesses who were testifying as practical dairymen revealed the fact that, as to two of them, they had very little understanding of the subject on which they were attempting to express an opinion. As to these two witnesses in particular, inquiry was made as to whether they would still insist that the reasonable rental value of the property was $50, if it appeared that a profit in the sum of $600 per month was realized or had been received over and above operating expenses. One of the witnesses, in answer to this inquiry, insisted that the rental value would remain the same. The other, after repeated questioning, being

unable to answer, counsel for the defendants admitted that under the assumed facts the rent would be more. Counsel urge upon us the testimony of these two witnesses in support of their contention that the evidence preponderates against the finding on the matter of rental value.

Plaintiff testified that she, together with her then deceased husband, had operated this property for a considerable number of years, and that, to produce the milk and market it, it cost about $800 a month. She testified as to the market price received for milk in 1928, and that from this source alone she received on the average of $1,500 per month, and that, in addition, there was an income of $600 a year from the sale of veal calves and dry cows. Another witness appearing in her behalf testified as to the market value of milk in Butte, as to the production of milk on the ranch, and as to the cost of production. Both the plaintiff and this witness, and others, testified that the reasonable rental value of the ranch was $350 per month. Many pages are found in the record containing the testimony of various witnesses produced by the respective parties touching upon this question, and, if we were to attempt even to summarize it, this opinion would be unduly prolonged.

Counsel for defendants argue that the court's finding as to the rental value is not supported by the evidence, because no witness testified as to the identical amount found by the court. In addition to the testimony already referred to, much testimony was received as to the number of acres of cultivated land, the amount of feed necessary to be purchased, the amount of hay produced each year upon the ranch, the value of the improvements, and the amount of irrigation carried on for the production of hay.

A court or jury cannot be required, as a matter of law, to accept the conclusions of witnesses on questions of this character. They must use their own judgment in arriving at a determination as to value, basing it upon the opinions of witnesses and the facts and circumstances otherwise appearing in the evidence. (*Reser* v. *Ziebarth,* 59 Mont. 7, 195 Pac. 98;

*St. John* v. *United States F. & G. Co.,* 56 Mont. 197, 182 Pac. 128.)

· We are unable to say from this state of the record that the evidence preponderates against the finding of the trial court as to the reasonable rental value of the property.

It is made to appear by the record that, at the time defendants surrendered possession of the premises and property to the plaintiff, possession was secured as a result of the service of an execution issued in this case subsequent to the entry of the first judgment. A return was made by the sheriff on this execution showing delivery of possession of certain property to plaintiff. On the trial of the instant case, evidence was received touching the loss of or damage to property which it is now asserted was included in the sheriff's return as having been delivered to plaintiff. Admittedly, certain property was not described in this return as having been delivered to plaintiff which the defendants were at the time bound to redeliver; but testimony was received as to loss and touching the value of other articles of property in addition to those excluded from the sheriff's return. It is the contention of defendants that the sheriff's return was conclusive, and the court could not find the value of, or receive evidence as to, any articles described in the sheriff's return. If the contention of counsel is correct, the value of the articles not included in the sheriff's return as found by the court would be excessive.

Section 4779, Revised Codes 1921, provides that "the return of the sheriff, upon process or notices, is prima facie evidence of the facts in such return stated." The very definition of "prima facie evidence" given in section 10498, Id., presupposes that it may be overcome by other evidence. (*State ex rel. Merrell* v. *District Court,* 72 Mont. 77, 231 Pac. 1107.) Whatever may be the rule in other jurisdictions, in this state the return of the sheriff is merely prima facie evidence of the facts stated therein and may be contradicted by other evidence. (*Commercial Bank & Trust Co.* v. *Jordan,* 85 Mont. 375, 278 Pac. 832, 65 A. L. R. 968.) Accordingly, the trial

court was not in error in receiving evidence as to the value of, or damage to, articles of property included in the sheriff's return.

The court below found that the damage to, and loss of, ▮ property amounted to $2,347. Plaintiff makes cross-assignment of error, asserting that the amount so allowed is insufficient, and contending that the evidence shows the property was damaged in the sum of $6,600. The property involved on this phase of the case is 2 head of horses, 34 chickens, 1 bull, 5 milk cows, 4 heifers, and losses on a large number of articles of machinery and equipment. Most of these articles were not redelivered to the plaintiff, and the evidence is extensive on the question of the value of the various items of personal property. The amount for which plaintiff contends is based on the cost price of many of these articles. Admittedly, many of them had been used for years, and, while evidence of the cost of an article is admissible, manifestly it should not be controlling where machinery and equipment has been used over varying periods of years.

We have carefully reviewed the evidence, and think there was ample evidence justifying the trial court in fixing the value which it did, and are unable to say that it preponderates against the finding. For us to reach a different valuation would be a mere substitution of our judgment for that of the trial court.

Plaintiff makes a cross-assignment of error directed at the finding on the reasonable rental value of the use of the premises, and contends that the court should have found the value to be $350 a month, in accordance with the testimony of her witnesses. What we have said with respect to a like assignment of error on behalf of the defendants disposes of this contention.

Cross-errors are assigned by plaintiff upon the findings allowing interest upon various items in favor of defendants. It is asserted by her counsel that, if interest is properly allowable on those items, it should be allowed on the rental value found in favor of plaintiff. They urge upon us the

propriety of applying the rule announced in *Eskestrand* **v.** *Wunder,* 94 Mont. 57, 20 Pac. (2d) 622. However, that case and others cited from this court did not involve a case of rescission of a contract. On adjudging a rescission of a contract, the court may require the party to whom such relief is granted to make any compensation or restoration to the other which justice may require. (Sec. 8732, Rev. Codes 1921.) The California court prior to the enactment of our Codes, under the identical section, and from which state we adopted ours, in the case of *Toby* v. *Oregon Pac. R. R. Co.,* 98 Cal. 490, 33 Pac. 550, observed that this section gives no rights to the parties in cases of this character not accorded by courts of equity prior to their adoption. As a general rule, where money is paid by one party to the other under a contract, it is to be restored by the party receiving it on the rescission of the contract, and the latter is also chargeable with interest on the amount from the date when he received it. (3 Black on Rescission and Cancellation, 2d ed., 1532; *Breyfogle* v. *Walsh,* (C. C. A.) 80 Fed. 172; *Mankey* v. *Hoyt,* 27 S. D. 561, 132 N. W. 230; *Isaacs* v. *Bardon,* 114 Wis. 142, 89 N. W. 913.)

In some cases interest has not been allowed where the party seeking to recover the payments made on the purchase price has enjoyed the possession of the premises and no attempt was made to collect the reasonable rental value, as is illustrated by the following cases on which plaintiff relies: *Kicks* v. *State Bank,* 12 N. D. 576, 98 N. W. 408; *Hall* v. *Catherine Creek Dev. Co.,* 78 Or. 585, 153 Pac. 97, L. R. A. 1916C, 996. And to the same effect is the case of *Security T. & S. Bank* v. *Southern Pac. R. R. Co.,* 214 Cal. 81, 3 Pac. (2d) 1015. In some cases interest has been allowed on other items, in accordance with plaintiff's contention, as in *Bean* v. *Copeland,* 54 Ark. 70, 14 S. W. 1094; and in others it has been disallowed on the purchase price, as in *Hayt* v. *Bentel,* 164 Cal. 680, 130 Pac. 432, or allowed on some items and disallowed on others, as in *Security T. & S. Bank* v. *Railroad Co.,* supra.

The court, by virtue of section 8732, Revised Codes 1921, is required to cause the parties to make any compensation or restoration as justice may require. Manifestly, the court in making its findings in this instance had in mind the question of interest, since interest was allowed on certain items and not mentioned as to others. The items on which it was not allowed were those of rental value and damages to and loss of property. The amount of compensation which would do justice as between the parties may either be stated by fixing the rental value at a somewhat lower figure and allowing interest or by stating a rental value which would attain the same result and excluding interest. We do not feel that under section 8732, supra, it is incumbent upon the trial court to allow or disallow interest in accordance with the strict rules of law which would apply to ordinary transactions, but only to award compensation as justice may require, and, under the record, we are unable to say that the court did not comply with the mandate of the statute.

The court below found that the plaintiff was not damaged in anything on account of the failure of the defendants to return the retail milk route, as the damages for its loss were speculative and conjectural. In support of plaintiff's contention on this point, our attention is invited to many decisions of this court, and others, to the effect that the profits of an established business, where it is destroyed, are recoverable, as illustrated in *Herzog* v. *Texas Co.*, 88 Mont. 580, 294 Pac. 962, and *City of Collinsville* v. *Brickey*, 115 Okl. 264, 242 Pac. 249. We have no quarrel with the rules of law announced in these and other cases cited by counsel. The evidence here discloses that the milk route was abandoned after it had been operated for approximately two years, and, when the property was returned, the milk route was gone. It is true that there is evidence in the record as to the profits accruing from the operation of this business in 1928; however, there is other evidence to the effect that, commencing with 1929 and on down through 1932, each year the retail price of milk declined owing to business conditions; collections were

difficult; the consumption was less; and other persons abandoned retail milk routes who theretofore had operated them. In view of this evidence, we think the damage resulting from the loss of the milk route was speculative and that the trial court was warranted in making its finding on this question.

The plaintiff assigns as error the finding of the court as to the amount of taxes paid. The court found that $140.65 was paid. It is conceded that only the sum of $67.51 was paid by defendants on account of taxes. Therefore the finding was excessive in the sum of $73.14. Interest was computed and allowed on the amount found by the court. The judgment awarded should be reduced by $73.14, plus the interest computed thereon by the court.

The cause is remanded to the district court of Jefferson county, with directions to modify the findings and judgment in the respect mentioned with reference to the amount of taxes paid and interest allowed thereon, and, when so modified, the judgment will stand affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES MATTHEWS, STEWART and MORRIS concur.

Rehearing denied March 29, 1935.