STATE, Appellant, *v.* LEE et al., Respondents.

(No. 7,583.)

(Submitted December 7, 1936.   Decided December 15, 1936.)

[63 Pac. (2d) 135.]

Mr. *Raymond T. Nagle,* Attorney General, *Mr. C. J. Dousman,* Assistant Attorney General, and *Mr. William Meyer,* for Appellant, submitted a brief; *Mr. Dousman* argued the cause orally.

*Mr. John K. Claxton,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiff brought this action to condemn certain real estate owned by the defendants, for the purpose of constructing a residence hall, buildings and acquiring grounds for the use of the Montana School of Mines in the city of Butte. In due course of time the trial court ordered the property condemned and appointed appraisers to fix the value thereof, which they

determined to be $6,500. From this award all of the parties now before this court appealed. A trial was had before a jury which resulted in the assessing of the value of the property at the same sum as the appraisers had determined. Judgment was entered in accordance with this verdict. Plaintiff made a motion for a new trial which was denied. The appeal is from this judgment.

Although there are numerous specifications of error, it is stated in the brief of appellant that the only question involved is the excessiveness of the verdict.

The measure of compensation for the taking of property ██ is its actual value at the date of the summons. (Sec. 9945, Rev. Codes.) The actual value mentioned in the statute is the "market value"; that is, the price that in all probability would result from fair negotiations where the seller is willing to sell and the buyer desires to buy. (*State* v. *Hoblitt*, 87 Mont. 403, 288 Pac. 181.)

On behalf of the plaintiff three witnesses were called who were engaged in the real estate business in the city of Butte and qualified to express opinions as to the market value of this property. They estimated its value at from $3,250 to $3,600. The property consisted of a frame house with hardwood floors, the dimensions of the house being approximately 30x40 feet. It contained five rooms on one floor and a small basement with a concrete foundation. The house is located upon a single lot. Dr. Thomson, who is president of the School of Mines, testified that the property was worth $3,000. Evidence of a conversation between Dr. Thomson and one of the parties to the action was received wherein it was claimed that Dr. Thomson had offered $6,000 for the property.

The defendants had purchased the property in 1929 for $5,000 and had expended approximately $450 for repairs. Andrew McGowan testified that he resided in the vicinity of the School of Mines and was somewhat familiar with the property in question, which was about 300 feet from his home. He has had experience in building and selling property in

Butte, and testified that he would say that the value of the property was from $6,500 to $6,800. One of the defendants expressed the opinion that the market value was $9,000, and another that the market value was $9,500.

The jury, in addition to hearing this testimony, viewed the premises under order of the court. The purpose of viewing the premises is not the taking of testimony but to enable the jury better to understand the evidence received on the trial of the case. (*State* v. *Bradshaw Land & Livestock Co.*, 99 Mont. 95, 47 Pac. (2d) 674.)

In the case of *Silfvast* v. *Asplund*, 99 Mont. 152, 42 Pac. (2d) 452, 455, it was argued that the finding of the court as to the reasonable rental value of lands and premises was not supported by the evidence, in that no witness testified to the exact amount found by the court. We declined to reverse the decision, and in discussing this point said: "A court or jury cannot be required, as a matter of law, to accept the conclusions of witnesses on questions of this character. They must use their own judgment in arriving at a determination as to value, basing it upon the opinions of witnesses and the facts and circumstances otherwise appearing in the evidence. (*Reser* v. *Ziebarth*, 59 Mont. 7, 195 Pac. 98; *St. John* v. *United States F. & G. Co.*, 56 Mont. 197, 182 Pac. 128.)" We are unable here to disturb the verdict.

In passing, we desire to mention another matter worthy of consideration on this appeal. The transcript in accordance with the rule of the court is typewritten. Subdivision 3 of Rule IX provides that where the transcript is not required to be printed, the appellant may file the original and two plain carbon copies. The carbon copies filed in this case are exceedingly indistinct so that it is nearly impossible to read them. This rule closes with the admonition that an infraction of the rule shall subject the appellant to dismissal of his appeal. In view of this infraction of the rule we would be justified in dismissing the appeal without any further con-

sideration, and unless counsel can comply with this rule it will be necessary in the future to enforce the rule as written.

Judgment affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART, MATTHEWS and MORRIS concur.