A. E. SNOW, Respondent, v. D. P. TARPEY, Appellant.

No. 1361.   (69 Pac. 718.)

**Appeal: Exceptions: Stenographer's Notes: Proper Practice**
Where a transcript on appeal contains no exceptions, other than a transcript of the official stenographer's notes taken at the trial, such transcript not having been submitted to the trial court for approval, the exceptions therein stated can not be considered by the appellate court. It is not a proper practice to file as a bill of exceptions a paper that has never been submitted to the trial court for its approval, modification or rejection.

(Decided July 21, 1902.)

Appeal from the Third District Court, Salt Lake County.— *Hon. C. W. Morse,* Judge.

Action to recover damages for alleged breach of contract. From a judgment in favor of the plaintiff, the defendant appealed.

AFFIRMED.

*Lindsay R. Rogers, Esq.,* for appellant; *Ogden Hiles, Esq.,* of counsel.

*J. E. Frick, Esq.,* and *G. M. Sullivan, Esq.,* for respondent.

BOOTH, District Judge.—This is an action brought by the plaintiff and respondent in the Third judicial district court for damages against the defendant and appellant for alleged breach of contract for the sale of certain lands in Box Elder county, Utah. The answer of the appellant admitted the contract and denied the damages. The cause was tried

before a jury, and a verdict for $4,761.58 was rendered for the plaintiff, and judgment duly entered thereon. The defendant moved for a new trial, which motion was overruled, and he thereupon appealed to this court.

The respondent challenges directly the standing of the appellant before this court, on a motion to dismiss the appeal on the following grounds, to-wit: "(1) Because the transcript originally certified to this court has been altered without leave of court, without notice to plaintiff and respondent or his counsel, and without any authority therefor. (2) Because the purported transcript now on file is not the transcript as certified by the clerk of the district court of Salt Lake county to this court. (3) Because said purported transcript is not a true and correct transcript of the files and records of the district court of Salt Lake county in said cause, in that it fails to contain all the files of said district court in said cause, but contains three pages of matter foreign to the records of this case. (4) Because the exceptions embodied in said three pages of said transcript purported to have been taken at the trial by the defendant were never noted on the minutes of the court, and were never proposed, allowed, or settled as a bill of exceptions, and were never filed in this case. (5) No oral exceptions taken at the trial were ever proposed and allowed or settled by the trial judge, and were never sought to be, and never were, made a part of the files and records of the district court, or a part of the judgment roll of said court, in this action." Said motion of respondent is supported by the certificate of the trial judge, wherein he certifies "that when the parties rested, respectively, I, as judge of the court, instructed the jury in writing; that, after such instructions were given, the parties presented their exceptions to the instructions to the stenographic reporter of this court, and said reporter noted down such exceptions in the record of the proceedings of the case; that neither party to this proceeding ever prepared and presented a bill of exceptions embodying

the exceptions aforesaid; and no bill of exceptions was ever presented to me or allowed in this case by either party." Said motion of the respondent is further supported by an affidavit of the deputy clerk of said court, which affidavit, among other things, states that on the fifth day of February, 1902, she prepared and made up the judgment roll, "and certified to the said judgment roll as deputy clerk aforesaid, and the said certificate to the said judgment roll was typewritten by this affiant; that on said fifth day of February, 1902, she delivered the said judgment roll at the office of the clerk of the Supreme Court of the State of Utah. Affiant says that she has since examined the said judgment roll in said cause, and that said judgment roll as it now appears is not the judgment roll as was certified to by this affiant to the Supreme Court aforesaid; that the same has been changed by some one other than this affiant, in this, to-wit: that page 52 of said judgment roll, as originally certified to, consisted of a memorandum of costs, and that page 50 embraced a subpoena; that said memorandum of costs and subpoena have been extracted from said judgment roll, and in place thereof has been injected what purport to be exceptions to certain rulings, which purported exceptions now embrace pages 50, 51, and 52." The affidavit further states that certain changes have been made in the index. The appellant presents an affidavit of L. R. Rogers, which states that the affiant is the attorney for the appellant; that, before the transcript in this case was filed in this court, on examination he discovered that a subpoena and a memorandum of costs had been improperly inserted therein, and affiant thereupon directed his clerk to detach them from the transcript and put in place thereof the exceptions actually taken at the trial to certain instructions given by the trial court to the jury, furnished by the official stenographer of the court which tried the case, and then have the district clerk change the certificate accordingly. The change was not made, and the attorney for the appellant did not know of the change not

being made until served with a copy of the respondent's motion to dismiss the appeal.    The affidavit of Justin R. Davis, referred to, states that pages 50, 51, and 52, of the transcript heretofore referred to were typewritten by the affiant; that the same is a true and correct transcript of his official notes, so far as relates to said exceptions.

We hold that, under the facts in this case, no bill of exceptions was ever allowed, settled, or filed, and, therefore, there is nothing for this court to review, except the transcript as it was without the exceptions contained in pages 50, 51, and 52.thereof; and, with those pages not considered, there exists no reason to reverse the judgment of the lower court.    We do not hold that a mistake in a transcript can not be corrected, if the same shall be brought to the attention of the trial court, and by him allowed.    It is not a proper practice to file as a bill of exceptions a paper that has never been submitted to the trial court for its approval, modification, or rejection.

The judgment of the lower court is affirmed, with costs to the plaintiff.

MINER, C. J., and BASKIN, J., concur.