[Civil No. 1407.   Filed April 20, 1915.]

[147 Pac. 736.]

## OWEN T. ROUSE, Appellant, v. CATHERINE BOLEN and FREDERICK C. BOLEN, Appellees.

1. CANCELLATION OF INSTRUMENTS—GROUND FOR CANCELLATION.—Where the consideration for a note and mortgage wholly failed, the mortgagor is, the instruments remaining in the possession of the mortgagee, entitled to their cancellation, notwithstanding the parol evidence rule and the fact that such documents import a consideration.

2. CANCELLATION OF INSTRUMENTS—NECESSARY PARTIES.—Where plaintiffs alone had executed a note secured by a mortgage, they could maintain a suit to cancel the instruments, consideration having failed, without joining others interested in the mortgaged property.

3. SETOFF AND COUNTERCLAIM—SUBJECT MATTER TO COUNTERCLAIM.—In a suit to cancel a note and mortgage, defendant cannot by cross-complaint set up a right of action under a contract to which others besides plaintiffs were parties.

    [As to right to set off partnership debt against claim by individual partner, see note in **Ann. Cas. 1915C,** 809.]

4. APPEAL AND ERROR—BILL OF EXCEPTIONS—AUTHENTICATION.—An instrument indorsed "Bill of Exceptions and Statement of Facts," authenticated only by appellant's signature, is no part of the record and cannot be considered.

APPEAL from a judgment of the Superior Court of the County of Pima.   W. A. O'Connor, Judge.   Affirmed.

Mr. Owen T. Rouse, for Appellant.

Mr. Earl S. Curtis (Mr. Charles B. Ward, of Counsel), for Appellees.

ROSS, C. J.—This is an action to cancel a note and mortgage made and delivered by appellee to the appellant on June 26, 1912, for $1,000, bearing 8 per cent interest, and payable on or before three years after date.   It would serve no useful purpose to set forth the entire pleadings, and we will therefore give only enough of them to suggest the material points raised on appeal.   The complaint alleges that the note and mortgage security were given for future advances to be

made by appellant for the use and benefit of appellees, and that the consideration had failed in that no advances had been made; that demand had been made for their cancellation and appellant's refusal, his threat to sue on note, and for foreclosure of mortgage; that mortgage had been recorded and constituted a cloud upon the title of the appellees' premises, to wit, lots 8 and 9 in block 92 of the city of Tucson, county of Pima, state of Arizona.

Appellant interposed to the complaint: (1) A general demurrer. (2) Answered that there was a nonjoinder of parties plaintiff because others than plaintiffs owned an interest in the mortgaged premises. (3) That the note was given for value and not alone for moneys thereafter to be advanced; that at the time of its execution he was appellees' attorney, and that appellees were indebted to him in a sum largely in excess of the amount of note, and that the note was given to him for a part of his fee; that since the date of note he had paid out court costs for appellees ''in the aggregate about $465.'' (4) Appellant cross-complained and set forth a cause of action, not against appellees, but against appellees and several others, strangers to the record, alleging that appellees and others had employed him as their attorney, to be compensated only on condition of a recovery, and that he had rendered services in his employment and paid out costs of the value of $7,090. But there is no allegation of recovery.

The appellees moved to strike the part of the answer setting up nonjoinder of parties plaintiff and the cross-complaint, and replied that appellant's compensation was contingent upon the amount of recovery in certain proposed litigation, and that nothing had been recovered to them. The motion to strike was granted. Thereupon the case was tried to a jury, resulting in a verdict for the appellees, upon which judgment was entered ordering the cancellation of the note and mortgage.

Appellant complains: (1) Of the order overruling his general demurrer; (2) of the order striking his plea of nonjoinder; (3) of the order striking his cross-complaint; and (4) of the instructions given and refused. We will consider these points in their order.

The appellant is extremely brief in his argument as to why the complaint failed to state facts sufficient to constitute a cause of action. He says the facts "show that plaintiffs executed and delivered to defendant a negotiable promissory note and a mortgage to secure it. . . . They import a consideration. . . . Evidence of a parol agreement made at the time of execution of such documents cannot be received. . . . Some ground for equitable relief must be alleged, such as fraud, accident, or mistake." These statements, as abstract propositions of law, may be granted to be correct, but they are not authority that no action may be maintained to cancel the note and mortgage for a total failure of consideration. As between the original parties to such instruments, and parties with notice, a failure of consideration may always be shown. If nothing is given for the instrument, it creates no obligation either in law or in equity in favor of the payee. 3 R. C. L. 943, sec. 139; 17 Cyc. 651, 652, 655; *Aultman Threshing etc. Co.* v. *Knoll,* 71 Kan. 109, 79 Pac. 1074; *Pearsall* v. *Henry,* 153 Cal. 314, 95 Pac. 154, 159.

The court's order striking the plea of defect of parties plaintiff and the cross-complaint was correct. The appellees alone had executed the note and mortgage. They only were interested in their cancellation. The interest of others in the mortgaged property was not affected by mortgage of appellees, nor could they be concerned in its cancellation.

The counterclaim set out in the cross-complaint did not grow out of the note and mortgage transaction, nor between the same parties. The counterclaim is for services alleged to have been rendered and moneys paid out, under a contract, not with appellees alone, but with Frederick C. Bolen, Catherine Bolen, David J. Bolen, Wm. H. Bolen and Mary J. Wilson. There is no allegation in the cross-complaint that the note and mortgage were given appellant in payment of services growing out of such contract. On the contrary, it is alleged that appellant's compensation was contingent upon the recovery of money or property that might result from appellant's professional service under said contract, and it is not shown that anything had been recovered.

The complaint of the instructions given and refused we cannot notice for the reason that we have none of the evidence before us. There is a paper among the files indorsed "Bill

of Exceptions and Statement of Facts,'' signed by appellant, but it is not otherwise authenticated or approved. It is not a paper of any legal sanction, and cannot be looked to for any purpose.

The judgment is affirmed.

FRANKLIN and CUNNINGHAM, JJ., concur.

On parol evidence as to the consideration for a deed, see notes in 20 L. R. A. 101, 25 L. R. A. (N. S.) 1194; to vary the consideration clause of a deed, see note in 68 L. R. A. 928.