STATE ex rel. DESCHAMPS et al., RELATORS, v. DISTRICT COURT et al., RESPONDENTS.

(No. 5,212.)

(Submitted October 26, 1922. Decided November 27, 1922.)

[212 Pac. 515.]

Original application by the State, on the relation of Arnold Deschamps and others, for Writ of Supervisory Control directed to the District Court of Missoula County and James M. Self, a Judge thereof, to review decree of distribution of and finally closing the Estate of Gaspard Deschamps, Deceased. Proceeding dismissed, decision of the questions presented being

[65 Mont. 216.]

rendered unnecessary by the conclusions reached in *In re Estate of Deschamps, ante,* p. 207.

*Mr. John H. Tolan, Mr. S. P. Wilson* and *Messrs. Mulroney & Mulroney,* for Relators.

*Messrs. Murphy & Whitlock,* for Respondents.

*Messrs. Mulroney & Mulroney* and *Mr. S. P. Wilson,* for Relators, submitted a brief; *Mr. Wilson* argued the cause orally.

*Messrs. Murphy & Whitlock,* for Respondents, submitted a brief; *Mr. A. N. Whitlock* argued the cause orally.

### Opinion: PER CURIAM.

This is an application for a writ of supervisory control for a review of the decree and judgment of the district court of the fourth judicial district, settling the final account of the executors, and finally settling the estate of Gaspard Deschamps, deceased, by the entry of a decree of final distribution. These relators are the appellants in cause No. 5128, *Elzeard Deschamps et al., Appellants,* v. *Ulrich W. Deschamps and Arthur R. Deschamps, Respondents, ante,* p. 207, 212 Pac. 512. The relators here base their application for the writ upon the theory that the district court should not have entered a final decree of distribution in, and finally closed, the estate of Gaspard Deschamps, deceased, pending the appeal to this court from the order refusing to grant relators' petition to revoke the letters testamentary issued to Ulrich W. Deschamps and Arthur R. Deschamps.

By reason of the conclusions reached in, and the disposition made of, cause No. 5128, no consideration will be given to the questions presented to this court by the application for the writ, as the determination of that case is conclusive of the application.

The application is denied and the proceedings are dismissed.

*Dismissed....*