MIDLAND NATIONAL BANK OF MINNEAPOLIS, Respondent, v. HEGNA, Appellant.

(No. 5,292.)

(Submitted September 19, 1923.   Decided October 26, 1923.)

[219 Pac. 628.]

*Appeal and Error—Record on Appeal—Absence of Bill of Exceptions—Assignments of Error not Reviewable.*

1. In the absence of a bill of exceptions from the record on appeal from the judgment, the supreme court cannot inquire into the merits of assignments that error was committed in placing the burden of proof upon defendant and directing a verdict for plaintiff.

*Appeal from District Court, Fergus County; Rudolf Von Tobel, Judge.*

Action by the Midland National Bank of Minneapolis against T. E. Hegna.   Judgment for plaintiff and defendant appeals. Affirmed.

*Messrs. Geis & Wiedman,* for Appellant, submitted a brief.

*Messrs. Belden & DeKalb* and *Mr. Merle C. Groene,* for Respondent, submitted a brief; *Mr. H. Leonard DeKalb* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an action brought by the plaintiff bank to recover from the defendant $3,000 and interest upon a promissory note executed September 2, 1921, to the E. L. Welch Company, which note it is alleged was indorsed and delivered before maturity, in due course, to the plaintiff. Upon issue joined by answer and reply the case was tried before a jury. Judgment appears to have been entered in favor of the plaintiff as prayed upon a directed verdict. The appeal is from the judgment.

The defendant's assignments of error are as follows:

"(1) The court erred in granting respondent's motion to [1] place the burden of proof upon appellant immediately upon the introduction of the note in evidence by respondent without any further proof.

"(2) The court erred in sustaining respondent's motion for a directed verdict at the conclusion of appellant's evidence."

As the record contains no bill of exceptions, we are unable to inquire into the merits of these assignments. We have nothing before us, save the judgment-roll. The minute entries of the court incorporated in the record, save as to the court's ruling on demurrer to the answer, are not a part of the judgment-roll, and, even were the matters shown thereby embodied in a bill of exceptions, they would not in any manner aid this court in determining the merit, if any, in the errors assigned by the defendant.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and STARK concur.