PUTNAM, Respondent, *v.* DONEY, Appellant.

(No. 6,014.)

(Submitted January 7, 1927. Decided January 26, 1927.)

[253 Pac. 270.]

*Record on Appeal from Judgment—Evidence and Trial Proceedings to be Incorporated in Bill of Exceptions—Failure to Incorporate in Bill—Effect on Review.*

1. Under section 9390, Revised Codes of 1921, where appellant from a final judgment desires to present for review the proceedings had at the trial, he must have the same incorporated in a bill of exceptions and settled as therein provided; in the absence of a bill so settled, matter containing a recital of the proceedings, including the testimony introduced, incorporated in the record cannot be considered on appeal.

---

[1]  Appeal and Error, 4 C. J., sec. 1786, p. 180, n. 34; p. 183, n. 35.

*Appeal from District Court, Toole County; John J. Greene, Judge.*

ACTION by Orville M. Putnam against Esther J. Doney. From a judgment for plaintiff, defendant appeals. Judgment affirmed.

*Mr. Harry H. Parsons* and *Mr. T. H. MacDonald,* for Appellant, submitted an original and a reply brief; *Mr. Parsons* argued the cause orally.

*Messrs. Harris & Hoyt* and *Messrs. Freeman, Thelen & Frary,* for Respondent, submitted a brief; *Mr. Harris* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

This action involves the ownership of certain oil royalties in land located in Toole county. The cause was tried before the

court without a jury and resulted in a judgment in favor of plaintiff, from which the defendant has appealed.

The respondent filed a motion to dismiss the appeal, but under the condition of the record in the case we have concluded to overrule this motion *pro forma,* and it is so ordered.

Pages 16 to 96 of the transcript filed in this court contain [1] what purports to be a recital of the proceedings had at the trial, including the testimony introduced thereat, but no bill of exceptions containing such proceedings or testimony was prepared or settled as provided for in section 9390, Revised Codes of 1921, or otherwise.

The record on appeal from a final judgment consists of the judgment-roll, with all bills of exceptions settled and filed in the case, and a copy of the notice of appeal (sec. 9402, Rev. Codes 1921), and the judgment-roll in a case like this, tried by the court without a jury, in which the defendant has appeared, consists of the pleadings, a copy of the findings of the court, all bills of exceptions taken and filed, all orders, matters and proceedings deemed excepted to without bill of exceptions, and a copy of any order made on demurrer or relating to a change of parties, and a copy of the judgment (sec. 9409, Rev. Codes 1921, as amended by Chap. 146, Session Laws of 1925).

This court has repeatedly held that, under the provisions of section 9390, *supra,* a party appealing from a final judgment, if he desires to present on appeal the proceedings had at the trial, must have the same incorporated in a bill of exceptions and settled as therein provided. (*Montana Mausoleum Co.* v. *Fava,* 66 Mont. 128, 212 Pac. 515; *In re Bitter Root Irr. Dist.,* 67 Mont. 436, 218 Pac. 945; *Midland Nat. Bank* v. *Hegna,* 68 Mont. 544, 219 Pac. 628.)

For the reason indicated, this court cannot on this appeal consider the proceedings had at the trial of the action or the testimony introduced, and there is before it only the judgment-roll.

Defendant's first specification of error is predicated upon the order of the court overruling a general demurrer to the plaintiff's amended complaint. It is not necessary to set forth the allegations of this amended complaint. We have given it consideration and it appears to us to state sufficient facts to entitle the plaintiff to the relief prayed for. Likewise the court's findings of fact appear to us to warrant the conclusions of law drawn therefrom and to sustain the judgment entered in the action.

The defendant's remaining specifications of error are all predicated upon matters occurring in the course of the trial, but for the reason heretofore given they cannot be considered.

Nothing appears in the judgment-roll which requires or would justify a reversal of the judgment entered in the lower court, and the same is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, MATTHEWS and GALEN concur.