MINERS NAT. BANK of BUTTE Et Al., Appellants, *v.*
PROULX Et Al., Respondents.

No. 8608

Submitted September 28, 1946. Decided December 23, 1946.

176 Pac. (2d) 267

Mr. W. E. Keeley, Mr. S. P. Wilson, Mr. Maurice J. Mac-Cormick and Mr. James B. Castles, all of Deer Lodge, and Mr. Phillip C. Duncan, of Whitehall, for appellants.

Mr. Frank E. Blair and Mr. Lyman H. Bennett, Jr., both of Virginia City, for respondents.

MR. JUSTICE ADAIR delivered the opinion of the Court.

This suit involves the determination of various interests and rights in and to a large ditch, known as Creeklyn Ditch, taking water from the Jefferson river. All the litigants except the defendant Grace B. Woods, were owners in various proportions of the ditch and asserted rights in the water conveyed therein.

In April, 1944, the suit was tried before the district court sitting without a jury.

On March 20, 1945, the district court's decree was made and entered adjudicating the respective rights, privileges, duties and liabilities of the various parties to the action. Incorporated in the decree were fourteen findings of fact and six conclusions of law made by the court concluding with, "Let Judgment and Decree be entered in accordance with the foregoing Findings of Fact and Conclusions of law."

On April 16, 1945, the defendants Thomas Kesl and Miners National Bank of Butte, excepted in writing to certain of the court's findings and conclusions contending that they were defective in the particulars specified.

On April 25, 1945, the district court denied defendants' exceptions and made the following minute entry order thereon, viz.:

"The exception of the defendants Thomas Kesl and Miners National Bank of Butte, to the findings of fact and conclusions of law contained in the decree heretofore entered herein having been presented to the Court.

458

"Now the Court does refuse to make any of the requested changes in said findings and conclusions and said defendants are given exceptions to such refusal and it is ordered that said defendants be and they are given 60 days in addition to the time allowed by law within which to prepare, serve and present for settlement bill of exceptions thereupon."

On June 15, 1945, defendants served and filed a proposed bill of exceptions to the action, ruling and decision of the court in overruling and denying defendants' exceptions to the court's findings and conclusions.

On June 19, 1945, the trial judge settled and allowed the proposed bill as to all of the proceedings, documents on file pertaining to the exceptions taken by the defendants to the findings of fact and conclusions of law for defects therein, "but not including any proceedings, papers or files done, taken, filed or entered prior to the entry of findings of fact, conclusions of law and decree in said cause." Thus in his certificate the trial judge carefully specified that the bill of exceptions which he allowed does not include any proceedings, papers or files done, taken, filed or entered prior to March 22, 1945, being the date of the entry of the findings, conclusions and decree in said cause.

Defendants have appealed to this court from the final decree and judgment of March 22, 1945, and from the minute entry order of April 25, 1945, refusing to make the changes in the said findings and conclusions as requested by defendants.

Appellants' brief sets forth fourteen specifications of error. Thirteen of said specifications of error are predicated upon the proceedings had at the trial of the cause.

At pages 102 to 122, both inclusive, of the transcript on appeal, is incorporated a purported transcribed report of the proceedings had upon the trial of the cause to which is attached a certificate of the court stenographer wherein he certifies, "I took full and complete shorthand notes in writing of proceedings had upon the trial, and that after the close of the trial of said cause, I printed in type my said shorthand notes

taken by me as aforesaid; that the above and foregoing is a full, true and correct reproduction printed in type and a full, true and correct transcript of the proceedings in the case, and I certify the same to be a true transcript of the proceedings then and there had in the case.''

Respondents filed a timely motion for an order to strike from the transcript on appeal herein all that portion thereof contained on pages 102 to 122, both inclusive, on the ground that none thereof has been incorporated in any bill of exceptions.

The proceedings so incorporated in the transcript are not ■ a part of the judgment roll (sec. 9409, Rev. Codes of Montana, 1935) and, without first being settled in the bill of exceptions they may not properly be included in the transcript on appeal nor reviewed by this court. Sec. 9390 Rev. Codes.

''Under the provisions of section 9390, a party appealing from a final judgment, if he desires to present on appeal the proceedings had at the trial, must have the same incorporated in a bill of exceptions, settled as therein provided. Such being the case, this court cannot now consider the evidence and proceedings at the trial * * *.'' In re Bitter Root Irrigation District, 67 Mont. 436, 442, 218 Pac. 945, 947.

That part of the record set forth at pages 102 to 122, both ■ inclusive, being matter which is improperly incorporated in the transcript on appeal and being matter which is not properly authenticated is hereby ordered stricken.

The proceedings at the trial not having been incorporated ■ in a bill of exceptions, this court is precluded from reviewing such proceedings or considering the thirteen specifications of error predicated thereon.

The remaining specification, being No. XI, asserts that, ''The Court erred in entering judgment contemporaneously with entering the findings of fact and conclusions of law, and in not permitting the period of time to elapse after the Court's findings were filed and before entering the judgment.'' No authority is cited by appellants to sustain their contention respect-

ing specification No. XI. We find no merit in the specification nor in the appeal.

The decree and judgment of the district court is affirmed with the costs to be taxed against appellants.

Mr. Chief Justice Lindquist and Associate Justices Morris and Cheadle concur.

Mr. Justice Angstman.

I dissent. The matter sought to be stricken does not constitute evidence. It constitutes statements of counsel as to what paragraphs of the complaint would be deemed admitted. In legal effect those statements constituted amendments to the pleadings.

Of course it would have been better practice to have had those statements reduced to writing at the time so as to avoid mistakes or misunderstanding. Counsel for both sides were equally at fault in not insisting that this be done.

Here there is no question raised as to the correctness of the stenographer's notes. No objection was made to the transcript until after appellants' brief had been filed and respondents granted until June 15, 1946, in which to file brief. Instead of filing a brief within that time the motion to strike was filed in August, 1946. I think that objection came too late and that our action should be controlled by the case of Loncar v. National Union Fire Ins. Co., 84 Mont. 141, 274 Pac. 844.

I believe the motion should be denied and the case considered on its merits.

On Petition for Rehearing.

Per Curiam.

The statutes and decisions are against the contentions made by appellants in their petition for a rehearing herein.

Section 9390, Revised Codes of Montana, 1935, provides that, "The party appealing from a final judgment, if he desires to present on appeal the proceedings had at the trial, must, within fifteen days * * * after receiving notice of the entry of judgment if the action was tried without a jury, or within such further time as the court or judge thereof may allow, not to

exceed sixty days, except upon affidavit showing the necessity for further time, prepare and file with the clerk of the court and serve upon the adverse party a bill of exceptions, containing all of the proceedings had at the trial upon which he relies, * * * When settled, the bill must be signed by the judge or referee with his certificate to the effect that the same is allowed, and shall then be filed with the clerk.''

Without having settled and allowed a bill of exceptions containing the proceedings had at the trial, the appellants here attempt to have this court review and upset the trial court's findings, conclusions and judgment, complaining that same are at variance with such proceedings. This may not be done.

''A requirement that a bill be settled and allowed is not an unreasonable restriction on the right of appeal, and its enforcement by disregarding a bill which does not comply with it does not deprive the appellant of his property without due process of law by depriving him of a right of appeal guaranteed by the constitution. Nor is a decision dismissing an appeal and affirming the judgment because no question is presented for review by reason of a failure to comply with such a requirement based upon a technicality.'' 8 Bancroft's Code Practice and Remedies, p. 8962, sec. 6765.

A transcript of the stenographer's notes which was neither submitted to the trial judge for approval nor settled or allowed by him is not a bill of exceptions nor can it be considered as a bill of exceptions. Snow v. Tarpey, 25 Utah 126, 69 Pac. 718.

''The court's stenographer cannot settle a bill of exceptions.'' Thomas v. Blythe, 44 Utah 1, 137 Pac. 396, 399.

Likewise an agreed statement of the case may not be considered a bill of exceptions, where it was neither signed, settled nor allowed by the trial judge. Rouse v. Bolen, 17 Ariz. 14, 147 Pac. 736, 737; Smith v. Blackmore, 3 Ariz. 348, 29 Pac. 15.

''In the consideration of an appeal, this court enters upon

its investigation with a presumption that the lower court was correct in its determination, and therefore the appellant has the burden of showing reversible error. Stabler v. Porter, 72 Mont. 62, 232 Pac. 187; State ex rel. Woare v. Board of Comm'rs., 70 Mont. 252, 225 Pac. 389; Haley v. McDermott, 45 Mont. 217, 121 Pac. 1060. It is also the rule that, when the record on appeal in an equity case does not present the evidence taken in the court below, it will be presumed that there was sufficient to sustain the findings of the court (Gow v. Cascade etc. Co., 66 Mont. 488, 213 Pac. 1092), and that, on an appeal from the judgment in an action tried before the court, in order to obtain a reversal, the appellant has the burden of showing that the record will not sustain the conclusion of the court upon any admissible theory. State [ex rel. Urton] v. American Bank & Trust Co., 75 Mont. 369, 243 Pac. 1093.'' Thompson v. Chicago, etc., R. Co., 78 Mont. 170, 177, 253 Pac. 313, 316.

This court's opinion in Putnam v. Doney, 78 Mont. 190, 253 Pac. 270, is peculiarly applicable to this appeal. There we said:

''Pages 16 to 96 of the transcript filed in this court contain what purports to be a recital of the proceedings had at the trial, including the testimony introduced thereat, but no bill of exceptions containing such proceedings or testimony was prepared or settled as provided for in section 9390, Revised Codes of 1921, or otherwise.

''The record on appeal from a final judgment consists of the judgment roll, with all bills of exceptions settled and filed in the case, and a copy of the notice of appeal (section 9402, Rev. Codes 1921), and the judgment roll in a case like this, tried by the court without a jury, in which the defendant has appeared, consists of the pleadings, a copy of the findings of the court, all bills of exceptions taken and filed, all orders, matters, and proceedings deemed excepted to without bill of exceptions, and a copy of any order made on demurrer or relating to a change of parties, and a copy of the judgment (section

9409, Rev. Codes 1921, as amended by chapter 146 of the Session Laws of 1925).

"This court has repeatedly held that, under the provisions of section 9390, supra, a party appealing from a final judgment, if he desires to present on appeal the proceedings had at the trial, must have have the same incorporated in a bill of exceptions and settled as therein provided. Montana Mausoleum Co. v. Pava, 66 Mont. 128, 212 Pac. 515; In re Bitter Root Irr. Dist., 67 Mont. 436, 218 Pac. 945; Midland Nat. Bank v. Hegna, 68 Mont. 544, 219 Pac. 628.

"For the reason indicated, this court cannot on this appeal consider the proceedings had at the trial of the action or the testimony introduced, and there is before it only the judgment roll. * * *

"Nothing appears in the judgment roll which requires or would justify a reversal of the judgment entered in the lower court, and the same is affirmed." Putnam v. Doney, 78 Mont. 190, 253 Pac. 270.

The petition for rehearing is denied and remittitur will issue forthwith.

Mr. Justice Angstman.

I adhere to the views set out in my dissenting opinion originally.

Rehearing denied January 4, 1947.