JAMES ROBERTSON AND BETTY ROBERTSON, HUSBAND AND WIFE, APPLICANTS, v. THE STATE OF MONTANA, ACTING BY AND THROUGH THE STATE HIGHWAY COMMISSION OF THE STATE OF MONTANA, AND ALEX BLEWETT, S. N. HALVORSON, JOSEPH M. NASS, ARNOLD M. SWANSON, DALLAS W. VAN DELINDER AND JOHN D. WHEELER, AS MEMBERS OF THE STATE HIGHWAY COMMISSION, STATE OF MONTANA, RESPONDENTS.

No. 11228.
Submitted October 10, 1966. Decided October 31, 1966.
Supplemental Orders November 14 and 15, 1966.
420 P.2d 21.

Howard C. Burton (argued), H. William Coder, Great Falls, for applicants.

Daniel J. Sullivan (argued), Helena, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an original proceeding before this court in which the applicants seek to annul proceedings in eminent domain and to restore possession of properties; *or,* in the alternative seeking a writ of mandate compelling the Highway Commission to make payment of a sum of $28,614.79 plus accrued interest in payment of a judgment in eminent domain litigation.

Upon ex parte application, we issued an order to show cause directing the Highway Commission to appear and show cause why relief should not be granted. The Highway Commission as respondents appeared by motion to quash and also filed an answer and return. Oral argument was had.

A rather unusual background occurred. In order to properly describe the physical lay-out of properties, including claimed easements, both recorded and unrecorded, aerial photos and maps are desirable, but we shall attempt to describe in words

the situation sufficiently to preface our decision and reasons therefor. While our decision is one based on procedure, yet the merits are intertwined sufficiently to require some background for understanding.

In acquiring right-of-way for Interstate Highway construction the State Highway Commission as condemnor brought action against Robertson and Blossom, Inc., record owner of certain lands as well as the Great Falls Gas Company and the City of Great Falls, both of whom held an easement, and the Great Falls National Bank, which held a mortgage on the property. According to the State, these were the only parties having any interest so far as the public records are concerned. The portion of unplatted land sought to be condemned was immediately east of a platted subdivision to the City of Great Falls known as West Hill. The applicants here, Robertsons, husband and wife, at one time owned all of the land situated in West Hill and in the unplatted tract, and had platted all of it into lots and blocks. However, for the convenience of the Highway Commission, the applicants replatted the land, setting aside the unplatted area and conveying it to Robertson and Blossom, Inc., a Corporation, almost wholly owned by the applicant James Robertson.

The applicants as well as other lot and home owners in West Hill and all others desiring access utilized two roads traversing the unplatted tract as a means of daily travel. These roads were clearly visible on the ground and known to the State condemnor.

As to these roads across the unplatted tract, the applicants had extracted a written agreement at the time of conveyance to Robertson and Blossom, Inc., for the continued use of such roads for their own benefit and for all other property owners in West Hill. This instrument was not recorded, but the use of the road was a matter of public record in a recorded easement given by the applicants and others to the City of Great Falls. It was this easement for service and utility facilities

that caused the City of Great Falls and the Great Falls Gas Company to be joined as defendants. In the easement, Exhibit "D," the grantors specifically reversed the surface roadway or alley.

The applicants and other property owners in West Hill were allowed to intervene in the condemnation proceedings on the basis that, among other things, the taking constituted a severance as to these applicants and others. Motions for separate trials were made and denied and the entire case was then tried to a jury.

The jury, among other instructions, was instructed:

"You are instructed that there was unity of use between the land in the 10.42 acre tract adjoining the West Hill Addition and the lots in the West Hill Addition owned by James Robertson. As a result, in determining the damages to be awarded to James Robertson you must consider his lots in West Hill and the 10.42 acre tract as one parcel. This being the case, in computing damages, you must award the market value of the 7.70 acre strip at the time of taking to the defendant Robertson and Blossom. You must then determine the difference, if any, between the fair market value of the 2.72 acres remaining in the 10.42 acre tract and the lots owned by James Robertson in West Hill before and after the taking and award the resulting sum between Robertson and Blossom and James Robertson as their interests appeared on October 22, 1964." (Instruction 40.)

"An easement is a property right protected by constitutional guaranties against the taking of private property without just compensation. A private right-of-way is an easement and an easement is land. The State of Montana is liable to the owner of an easement appurtenant in a suit condemning the fee of the servient estate.

"You are instructed that the defendants who own property in the West Hill Addition had easements appurtenant to their property in the nature of private rights of way across the

servient estate of 7.70 acres which have been taken by the plaintiff in these proceedings. Private property of these defendants has thus been taken and they are individually entitled to damages for such taking in an amount equal to the difference between the fair market value of their respective properties before the taking and the fair market value of their respective properties after the taking." (Instruction 41.)

"An owner whose property is being taken or damaged by public authority is under a duty to take all reasonable steps available to minimize his loss; and, expenses which an owner reasonably and in good faith incurs in an effort to minimize his loss are to be taken into account in computing the just compensation to be paid him in a proceeding in eminent domain.

"If you find, therefore, from a preponderance of the evidence, that the defendant James Robertson, acting in anticipation of the taking and acting under a belief that his acts would avoid or reduce the damages to be sustained by the taking, thereupon, in good faith and with reasonable prudence, skill and efficient [sic] replatted, regraded and relocated facilities pertinent to the West Hill Addition, you may consider the expenses so incurred by him as a further diminution in the fair cash market value of that portion of his property not sought to be condemned but injuriously affected by the taking to the extent that you find the same was necessitated by the taking and to the extent that you find the same to be reasonable."

A verdict was returned on June 8, 1966, awarding the defendants Robertson and Blossom, Inc., the sum of $26,050 and awarding defendants (by intervention) James Robertson and Betty Robertson the sum of $28,614.79. As to all other defendants the sum of zero dollars.

On July 22, the State Highway Commission, respondents here, caused judgment upon the verdict to be entered. On August 27, 1966, a writ of execution was issued, but the state treasurer and state auditor refused to honor the writ, although

funds were available, because the Highway Commission so instructed them.

On August 29, 1966, two days after the issuance of the writ of execution, the State Highway Commission noticed an appeal from that portion of the judgment awarding $28,614.79 to these applicants.

Throughout, the Highway Commission refused to pay the judgment, asserting several things which we shall develop.

On ex parte application for writ of mandate, we issued an order to show cause; the Highway Commission filed a motion to quash and an answer and return.

The motion to quash is on three grounds: (1) that no relief is warranted; (2) that the application failed to show arbitrary action by the Commission; and (3) that the remedy at law is sufficient.

The answer and return admitted substantially all the matters foregoing except that it denies that the replatting of the West Hills area was for the convenience of the Highway Commission. This dispute is not herein resolved, but is set forth as background. Another matter disputed is that the Highway Commission alleges that it does not have knowledge as to its own financial condition! We need comment on this no further except to say such an allegation must be inadvertent!

Also the answer and return, and this is its main thrust, going to the three grounds of the motion to quash, asserts that the applicants' rights, if any, are inverse in nature, and thus not the subject of payment prior to the taking.

R.C.M.1947, § 93-9918, provides:

"Payment may be made to the defendants entitled thereto, or the money may be deposited in court for the defendants, and be distributed to those entitled thereto. If the money be not so paid or deposited, the defendants may have execution as in civil cases; and if the money cannot be made on execution, the court or judge, upon a showing to that effect, must set aside and annul the entire proceedings, and restore possession of the

property to the defendant, if possession has been taken by the plaintiff."

R.C.M.1947, § 93-9917, provides:

"The plaintiff must, within thirty days after final judgment, pay the sum of money assessed * * *. In an action on such bond, the plaintiff may recover reasonable attorney's fees."

■ Procedurely the respondent Highway Commission did not move within 30 days as required in section 93-9917. Respondents defend this by asserting that they did not have *notice* of entry of judgment. Respondents dispute what we have detailed as a fact that respondents caused judgment upon the verdict to be entered. The facts, though, belie their position. Counsel for respondents prepared the judgment, submitted it to the district court to be used in the event their own motion for new trial was denied, and subsequently the judgment was filed by the district court. The applicants did not enter judgment. It was clearly the respondents who caused judgment to be entered. It was their duty to know what was done when they prepared the judgment for the court.

Under section 93-9918, supra, applicants caused a writ of execution to issue as in civil cases. Now, however, as hereinbefore set forth, the applicants ask in the alternative that rather than annulling the entire proceedings (the highway is already built) and restoring possession, that the respondents be ordered to pay the judgment.

■ A further procedural matter appears. After the writ of execution issued, respondents filed a notice of appeal and perfected their appeal. Respondents urge that this stays the judgment under R.C.M.1947, § 93-8011. Respondents did not file a bond, asserting that even though such a bond is required under section 93-8011, (and this being an eminent domain case, see Rule 81) that under Rule 62(e), M.R.Civ.P., no security is required when the State is the appellant. There is seemingly a conflict here between the Rules of Civil Procedure, Rule 62(e) and section 93-8011, whether security is required in eminent do-

main appeals. However, here again comes the conflict between the applicants' position that this is an eminent domain proceeding in its entirety and that of the respondents who would divide the case; that is, (1) eminent domain as to record property owners and (2) damages (inverse condemnation) as to the applicants. This conflict, if it be one, may necessarily be involved in the appeal of the judgment on its merits. But, for our purposes here, we indulge in the presumption of correctness of the judgment and will not permit a collateral attack. (See generally 30 C.J.S. Eminent Domain § 326, pp. 195-198; Thompson v. Chicago, B. & Q. R. Co., 78 Mont. 170, 253 P. 313; Mitchell v. Garfield County, 123 Mont. 115, 208 P.2d 497.)

Considering here the failure of the condemnor to pay within 30 days or take any steps to stay execution, even by appeal within that time, we hold that the applicants are entitled to relief. However, in view of the alternatives, annulling the entire proceedings and returning possession or ordering payments, we hold that payment should be made. Contention is made by the State that the financial situation of the applicants is such that if on the appeal, reversal is had, there is grave doubt that the State could recover the money paid. This may be, but nevertheless, the Rules of Procedure that apply to one litigant, apply to all including the State in its sovereign right.

Having found that the application for a writ of mandate is well-taken and that a writ should issue, we are left with one further matter as to expenses and reasonable attorney fees. Although the petition asserts $200 costs and $750 attorney fees, yet, in addition to no effort made of proof as to attorney fees, the applicants' petition and brief indicates that even without joining the state controller, state auditor and state treasurer as necessary parties (on which no issue is joined) the Highway Commission will comply with the order of this court relative to the adjudged amount due. We do not allow attorney fees but applicants shall receive their costs.

In the event that compliance with our order not be made

with reasonable promptness, this court will entertain further proceedings, including amendment of parties respondent, to the end that a formal writ of mandate will issue with attendant costs.

It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR and JOHN CONWAY HARRISON, concur.

## ORDER

PER CURIAM:

Respondents have filed a Motion seeking clarification as to the matter of interest in this matter.

It is ordered that no interest be deposited.

## SUPPLEMENTAL ORDER

PER CURIAM:

This Court, on November 14, 1966, issued an order stating that interest need not be deposited. Such Order was issued prior to receipt of an Answer by the Applicants. Confusion apparently still exists as to the meaning of this Court's order. To eliminate that confusion, we order that the full amount of the judgment is available to the Applicants less interest, subject only to any prior legal liens, if any there be, as determined by the District Court.