No. 13554

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

THE STATE OF MONTANA, ACTING BY
AND THROUGH THE DEPARTMENT OF
HIGHWAYS OF THE STATE OF MONTANA,

Plaintiff and Appellant,

-vs-

KATHERINE SCRIVANI, et al,

Defendant and Respondent.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Appellant:

Daniel J. Sullivan argued, Helena, Montana

For Respondent:

Stimatz and Engel, Butte, Montana
Joseph C. Engel III argued, Butte, Montana

---

Submitted: October 25, 1976

Decided: NOV 19 1976

Filed: NOV 19 1976

Thomas J. Kearney
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

In this cause defendant Thomas J. Helehan's property interest was condemned by plaintiff and possession taken in October, 1965. In June, 1976, defendant was awarded $30,866 by a condemnation commission and judgment was entered for that amount plus interest and costs, making a total judgment of $87,742.04. Plaintiff sought to have the judgment amended but was refused. Counsel for defendant then moved the court to order plaintiff to make a deposit into court of the amount of the award and judgment, which was granted by the district court. Plaintiff filed notice of appeal and applied for a stay upon filing a supersedeas bond. This was denied by the district court and plaintiff was again ordered to make the deposit.

Plaintiff then, ex parte, secured from this Court an order staying the district court's order. Defendant moved for an adversary hearing which was granted. Such hearing was held, briefs filed by the parties and counsel were heard in oral argument and the matter submitted for decision.

While many contentions are made by plaintiff that the stay order should remain in effect, we are confronted with the statute, section 93-9920, R.C.M. 1947, which provides in pertinent part:

> "At any time after the filing of the preliminary condemnation order or after the report and assessment of the commissioners have been made and filed in the court, and either before or after appeal from such assessment, or from any other order or judgment in the proceedings, the court or any judge thereof at chambers, upon application of the plaintiff, shall have power to make an order that upon payment into court for the defendant entitled thereto of the amount of compensation claimed by the defendant in his answer or the amount assessed, either by the commissioners or by the jury, as the case may be, the plaintiff be authorized, if already in possession of the property of such defendant sought to be appropriated, to continue in such possession; or, if not in possession, that the plaintiff

be authorized to take possession of such property and use and possess the same during the pendency and until the final conclusion of the proceedings and litigation, and that all actions and proceedings against the plaintiff on account thereof be stayed until such time * * *.

" * * * the defendant entitled thereto, if there be no dispute as to the ownership of the property, may at any time demand and receive upon order of the court, all or any part of the money so deposited * * *

" * * * and provided, further, that the court shall not order the delivery to any defendant of more than seventy-five (75) per cent of the money deposited on his account except upon posting of bond by such defendant equal to the amount in excess of seventy-five (75) per cent, with sureties to be approved by the court; to repay to the plaintiff such amounts withdrawn as are in excess of his final award in the proceedings."

This Court in State v. Bradshaw Land & Livestock Co., 99 Mont. 95, 103, 43 P.2d 674, in referring to this section of our Codes, stated:

"By these statutes the plaintiffs are accorded the right of appeal to this court. They must, in order to gain possession, pay the amount of the compensation and damages awarded into court. If they do not pay the amount of the judgment within thirty days, and a showing of nonpayment is made, the trial court must set aside the entire proceedings and restore possession. No method is provided for a stay of proceedings pending an appeal; in fact, the statute expressly declares that none of the proceedings provided for by statute shall operate as a stay of proceedings. It is expressly provided that the plaintiffs, by payment into court of the amount assessed, 'shall not be thereby prevented or precluded from appealing from such assessment, but may appeal in the same manner and with the same effect as if no money had been deposited or security given.' These statutory provisions, if valid, are conclusive of the right of the plaintiffs to appeal."

The Department of Highways contends that section 93-9917, R.C.M. 1947, is authority for a stay of the judgment, while defendant calls attention to section 93-9905(3), R.C.M. 1947, which provides in part:

" * * * Such appeal does not stay any further proceedings under this chapter, except that the district court on motion or ex parte may grant a stay for such period of time and under such

conditions as the court deems proper."

As heretofore stated the district court denied a stay to the Department of Highways.

This apparent conflict was recognized by this Court in Robertson v. State Highway Comm'n, 148 Mont. 275, 281, 282, 420 P.2d 21, where we stated:

> "A further procedural matter appears. After the writ of execution issued, respondents filed a notice of appeal and perfected their appeal. Respondents urge that this stays the judgment under R.C.M. 1947, § 93-8011. Respondents did not file a bond, asserting that even though such a bond is required under section 93-8011, (and this being an eminent domain case, see Rule 81) that under Rule 62(e), M.R.Civ.P., no security is required when the State is the appellant. There is seemingly a conflict here between the Rules of Civil Procedure, Rule 62(e) and section 93-8011, whether security is required in eminent domain appeals. However, here again comes the conflict between the applicants' position that this is an eminent domain proceeding in its entirety and that of the respondents who would divide the case; that is, (1) eminent domain as to record property owners and (2) damages (inverse condemnation) as to the applicants. This conflict, if it be one, may necessarily be involved in the appeal of the judgment on its merits. But, for our purposes here, we indulge in the presumption of correctness of the judgment and will not permit a collateral attack. (See generally 30 C.J.S. Eminent Domain § 326, pp. 195-198; Thompson v. Chicago, B. & Q. R. Co., 78 Mont. 170, 253 P. 313; Mitchell v. Garfield County, 123 Mont. 115, 208 P.2d 497.)"

When the matter came on for hearing on the merits no issue was raised in this regard. See Montana State Highway Comm'n vs. Robertson & Blossom, 151 Mont. 205, 441 P.2d 181.

It is our opinion that the Department of Highways must make the deposit of the award granted by the commissioners. However, certain questions as to the amount of the judgment are raised, such as the allowance of of an attorney fee without a hearing, allowing interest at 10%, and allowing a cost bill without notice. These matters should be heard by the court upon notice and should not be required to be deposited and become subject to withdrawal.

- 4 -

The situation here is much like that in Robertson v. State Highway Comm'n, 148 Mont. 275, 283, 420 P.2d 21, where we held no interest be deposited.

The district court is directed to make an amended order requiring deposit only of the amount of the commissioners' award.

                                        _____
                                              Chief Justice

We concur:

_____

_____

_____
Justices

_____
Hon. Peter G. Meloy, District
Judge, sitting in place of Mr.
Justice Wesley Castles.